*Bennington*
July.
1814.

POTTER *vs*. STANLEY, in error.

To an action on a promissory note, a plea in bar, that the note was given without consideration is insufficient—as it amounts to the general issue.

HENRY STANLEY brought his action in the County Court, against Amos Potter, 2d on a promissory note, to which the defendant put in the following plea in bar. " And now the said Amos Potter, 2d by his attornies, Young and Robinson, pleads and says, that the said Henry ought not to have and maintain his said action thereof against him the said Amos, because he says there was no consideration had and received of the said Henry, by· the said Amos, for which the said note, declared upon by the said Henry, was given ; but that the money received for which said note was given, was received of Mrs. Potter, wife of Amos Potter, and is the property of the said Amos Potter, and this he is ready to verify, &c. To which plea the plaintiff below demurred. And the County Court rendered judgment for the plaintiff on the insufficiency of the plea in bar. To reverse that judgment, Amos Potter, 2d the defendant below, brought this writ of error. Several errors were assigned, but the only question made upon the argument, was on the sufficiency of the plea.

*Young* and *Robinson,* for the plaintiff in error.

*Wright,* for the defendant.

The opinion of the Court was delivered by

CHIPMAN, Ch. J.    The plea in bar in this case, if it amount to any thing, amounts to the general issue. . The consideration is, if I may use the expression, of the very essence of a promise. It is true that a general averment in a note and declaration, is, *prima facie,* sufficient for the plaintiff, and puts the defendant, to prove that the note was obtained by fraud, imposition, or on an illegal consideration, or on a consideration which has failed. If the defendant can shew this, the law says that he did not assume and promise. It goes to the original cause and ground of the action. But, to permit the defendant, in the case of a promissory note, by a mere averment of a want of consideration, to put the plaintiff upon the proof of a special consideration, when a general consideration is acknowledged in the execution of the contract, would be to unsettle both prin-

*Bennington*
July.
1814

*Potter*
*vs.*
*Stanley.*

ciples and practice; it would be to reduce these instruments, back to parol contracts, and would in many instances, particularly, in the hands of an indorsee render them equally, if not more inconvenient than parol agreements.

It is true that some matters, which may be given in evidence under the general issue in *assumpsit*, may also be pleaded in bar, as payment, accord and satisfaction, and a release; because the plea in such case allows the cause of action once to have subsisted; but, nothing can, in *assumpsit*, be pleaded in bar, which goes to deny the original cause of action.

It seems here, indeed, that the pleader intended to go further, than a naked averment of a want of consideration, and to set forth some facts from which to infer a want of consideration. But whatever his intention might have been, he has been so loose and vague in his expressions, as not to be fairly intelligiable. He says the money received, for which the note was given, was received of Mrs. Potter, wife of Amos Potter, and was the property of Amos Potter. Is the Amos Potter mentioned in this part of the plea, the same Amos Potter, who was impleaded by the name of Amos Potter, 2d ? for this addition to which he has answered, supposes another Amos Potter, of the same name without the addition. This is too vague and uncertain. And the Court consider the plea as insufficient in every point of view and therefore

Affirm the judgment of the County Court.