## S̕MALLEY & NELDEN *v.* BRISTOL.

In declaring on a promissory note absolute on its face and in the ordinary form, it is not necessary to notice a contemporaneous agreement in writing varying the terms of the note, contained in a *separate paper*. Such agreement is matter of defence only.

CASE reserved from Oakland Circuit Court.

*Barstow and Lockwood*, for plaintiffs.

*Hosmer*, for defendant.

*By the court*, WING, J. The action in this case is assumpsit. The declaration contains a special count on a promissory note, and the common counts. Plea, the general issue. On the trial the plaintiffs produced the note declared on, which was in the usual form, executed by the defendant to the plaintiffs, payable one day after date, and proved the necessary facts to entitle them to recover on the same under the special or common counts, and then rested.

The defendant then introduced, or offered to introduce, in evidence a paper of which the following is a copy: "Recd., Pontiac, July 17, 1844, from Mr. Thomas W. Bristol, two notes, payable one day after date, for the sum of 231 83-100, to be paid on the following conditions, to wit: The said Thomas W. Bristol is security for Charles L. Bristol, in a suit brought by the Farmers' and Mechanics' Bank at Pontiac, which said suit is now pending undetermined in Oakland county. Now if said suit is decided against said Charles L. Bristol, and the said Thomas Bristol has to pay the said liability, then the above stated notes to be void. But if the suit is decided in favor of said Charles L. Bristol, then the said Thomas Bristol is to pay one of said notes immediately thereafter, and the other in one year from the date hereof. If the aforesaid notes are paid according to the above stipulation, then Smalley & Nelden agree to deduct from the note payable in one year, one hundred dollars, and the interest on the same. (Signed) SMALLEY & NELDEN."

The defendant contended that this paper writing, of itself, without any additional evidence of any kind, was a full defence to the action, on

Smalley & Nelden v. Bristol.

the ground that the paper writing was contemporaneous with the notes, and that it, together with the notes, constituted a mere common law contract, all of which, and the consideration thereof, should have been set forth in the declaration.

A verdict was taken for the plaintiffs, by consent of defendant and under the direction of the presiding judge, and the question of law presented by the defendant was reserved for the consideration of this court.

In support of his objection, the defendant's counsel cites Chitty on Bills, p. 160, in which it is stated that, "the rule that a bill or note payable on a contingency is invalid as such, extends also to cases where the bill or note is absolute on the face of it, but rendered contingent by a *contemporaneous* endorsement, or even by a written memorandum on a detached paper." The cases cited by Chitty in support of this position, are all cases in which the endorsement was on the back of the same note, and not on a detached paper, as in this case. It is not denied that an endorsement upon the back of the same note of a condition or contingency upon which the note is to be payable, will be considered as part and parcel of the note; but the authorities cited by Mr. Chitty do not establish the position stated by him. Indeed, it may be considered doubtful whether he intended to say that a contemporaneous writing on a detached paper would be considered as a part of the note—for in the next paragraph, which is under the head of "a separate memorandum," he says: "So, although the memorandum be on a *separate* paper, yet if it were contemporaneous, it is admissible between the original parties and their representatives: as where there was a written stipulation to renew on a separate paper, it was considered that it qualified the liability, although it did not vitiate the instrument itself." He cites Bowerbank *v.* Monteiro, 4 Taunt. 844. That was an action on a bill of exchange, and the plea was the general issue. The defendant introduced a writing signed by the plaintiff at the time the bill was accepted, but it was not set forth in the declaration—for it was questioned whether it ought not to have been plead specially. Nor was it objected that it was not set forth in the declaration, but the writing was held to be a defence to the note.

Defendant's counsel also cites the case of Carlos *v.* Fancourt, 5 T. R. 482. In this case the note was payable on a contingency expressed in the note, and it was held it was not a promissory note, and could not be

declared upon as such; but must be declared upon as a special agreement. This case does not bear upon the case in hand, for it was not a case in which there was an absolute promise, which was modified by a separate, if not a subsequent, agreement. I do not find any references in Chitty on Bills which establish the position as a matter of pleading, that in a case like the present, the declaration should count upon a special agreement, and not upon the note as a negotiable instrument.

In Story on Promissory Notes, sec. 24, the Judge says: "In order to make a note invalid as a promissory note, the contingency to avoid it must be apparent, either upon the face of the note, or upon some contemporaneous written memorandum on the same paper; for, if the memorandum is not contemporaneous, or if it be merely verbal, in each case, whatever may be its effect as a matter of defence between the original parties, it is not deemed to be a part of the instrument, and does not affect, much less invalidate, its original character." Same doctrine in Bayley on Bills, 17.

In New York a contemporaneous written agreement endorsed upon the back of a promissory note, making its payment depend upon a contingency, does not affect its negotiability—its only effect is to give notice of the consideration to subsequent holders; and in a suit upon it, the maker may avail himself of any defence which he could set up against the payee. 15 Wendell 363. The New York courts acknowledge the English rule is different in cases of endorsement upon the note itself.

If these notes were negotiable promissory notes at the time they were delivered to the plaintiffs, and could be declared upon as such by subsequent parties as endorsers, may not the plaintiffs so declare upon them? In the cases cited by defendant's counsel, the decisions turned upon the ground that the notes were not negotiable promissory notes, being payable on a contingency, which was incorporated into the note by the endorsement being on the same instrument, and, of course, known to all; and plaintiff could not prove his note without also showing the endorsement, which showed it was not a negotiable note, because payable upon a contingency. The rights of the maker in this case, and which may be claimed to be a defence to these notes, are only known to the original parties. The receipt expresses a contingent defeasance, on the happening of which, the maker may use it as a defence against the payee; and in the mean time the receipt passes into the hands of the

maker of the note, beyond the control of the payee, who cannot set it forth in his declaration, because he has it not, and most probably could not get it, after suit commenced, or for the purpose of commencing suit. He has promissory notes, which, so far as appears, are good as such. A separate writing, expressing that plaintiffs had received the notes, to be operative as such, on a contingency, or unless a certain event should happen, must be regarded as a contingent defeasance, of which the defendant may or may not avail himself, as the contingency may or may not happen. Where the matter is such that its affirmation or denial is essential to the apparent or *prima facie* right of the party pleading, then it ought to be affirmed or denied by him in the first instance, though it may be such as would otherwise form the subject of objection on the other side. Stephen's Pl. 396; Chitty's Pl. 228. Here the plaintiffs make out a good *prima facie* case and should recover, unless there is something shown extrinsic of the notes. The defence is matter which would come more properly from the other side—it is in his power. A plaintiff is never called upon to set forth more than his own case: he declares upon the contract of the defendant in his hands. The matters of defence set forth in the receipt, do not vitiate the promissory notes, but show, perhaps, that plaintiffs should not recover. There is no variance between plaintiffs' declaration and their proof.

*Certified accordingly.*