ORSON KIMBALL v. BOSTON, CONCORD & MONTREAL RAILROAD COMPANY.

*Pleading.      General Issue.      Special Issue.      Railroad.      Free Ticket.*

1. A plea setting up a different contract from the one declared on is bad as amounting to the general issue; thus, the plaintiff averred in his declaration that the defendant railroad received him into its cars to safely transport for *hire and reward*, and that by its negligence he was injured; the defendant pleaded in bar, in substance, that the plaintiff at the time of the accident was riding with a *free ticket, without charge*, and as consideration thereof assumed all risk of accident—*Held*, bad, as amounting to the general issue; as a special issue, it does not *di. rectly* deny; as a traverse, it is an argumentative denial; and that the defendant having joined in demurrer, the question of defect in the plea may be be decided on demurrer.

HEARD on demurrer, March Term, 1881, TAFT, J., presiding. Demurrer sustained. The plaintiff alleged in his declaration that the defendant "received the plaintiff into one of its passenger cars to be by it safely and securely transported and conveyed over its said road for a certain hire and reward paid to the de-

fendant and in consideration of the plaintiff's sending large amounts of freight over the defendant's said road, for which it received pay," etc ; and that the plaintiff was injured through the negligence of the defendant. The plaintiff pleaded the general issue, and two pleas in bar. In the second it was averred that the

" Said plaintiff was being carried by the defendant over the line of railroad in the plaintiff's declaration mentioned, without charge and free from expense, and in consideration thereof agreed to assume all risk of accident, and in consideration thereof further agreed that the defendant should not be liable under any circumstances for any injury to the plaintiff's person or loss or injury to his, the plaintiff's goods, while he, the plaintiff, was being carried over the railroad of the defendant on the occasion in the plaintiff's declaration mentioned ; and this the said defendant is ready to verify."

It was averred in third plea that the

" Plaintiff applied at the cattle station of the Boston & Lowell railroad company for a free ticket to pass the plaintiff over the railroad of the defendant, and the station agent at such station gave to the plaintiff and the plaintiff accepted and afterwards used a ticket for which the plaintiff paid nothing, and which the defendant allowed the plaintiff to use on the day and year aforesaid, according to the contract and conditions thereon stated, to pass the plaintiff without charge, and the plaintiff did use said ticket for that purpose, to pass the plaintiff without charge over the railroad of the defendant in the plaintiff's declaration mentioned, which ticket is substantially in the words and figures following, to wit. :
'BOSTON, CONCORD & MONTREAL R. R.

This ticket will pass Mr. O. Kimball, Concord to Marshfield, without charge ; he, in consideration thereof, assuming all risk of accident, and agreeing that the corporation shall not be liable under any circumstances, for any injury to his person, or loss or injury to his goods, while using this ticket. Not good unless used within three days from date.
(Issued by B. L. & N. R. R.)                    B. F. KENDRICK.'
" And the defendant avers that the plaintiff procured and used on the day and year in the plaintiff's declaration mentioned, a ticket as aforesaid, with a full knowledge of its contents and from choice used said ticket, and himself assumed all risk of accident or injury to his person while a passenger upon the railroad of the defendant rather than purchase a ticket, so that by the laws of this State this defendant would have been liable for the injury in the plaintiff's declaration mentioned ; and this the said defendant is ready to verify."

*S. C. Shurtleff*, for the defendant.

The second plea does not amount to the general issue, as it sets up an agreement, which if valid avoids the right of recovery.

The third plea is good.

What is the general issue? It is a denial of all those facts in the declaration upon which the right of recovery depends. What

are they in this case ?   1st, that the plaintiff has suffered damage ; 2d, that it was caused by the negligence of the defendant; 3d, that the defendants were common carriers for hire and that plaintiff was being carrried for hire, whereby it was its duty not to be negligent.   The general issue denies.   Now if what the plaintiff declares is true, the pleas deny only one of these facts, that is that the plaintiff was being carried for *hire*.   Then it does not amount to the general issue.   It amounts only to a *special issue.*   Gould Pl., c. 2, ss. 38, 40 ;  Gould Pl., c. 6, ss. 60, 61, 62 ; *Dutton* v. *Vt. M. F. Ins, Co.,* 17 Vt. 369 ; *Williams* v. *Vt. M. F. Ins. Co.,* 20 Vt. 222.

*E. W. Smith,* for the plaintiff.

The defendant's second and third pleas only amount to the general issue, and are therefore bad.

The opinion of the court was delivered by

ROWELL, J.   The second and third pleas are attempted to be sustained on the ground that they are *special issues.*   Instead of pleading the *general issue,* the defendant may, in some cases, effectually answer the declaration by a *special issue,* i. e., by *directly* denying some one material and traversable allegation in the declaration, and concluding to the country.   Gould Pl. c. 6, s. 60. But such a plea never advances new matter, but merely *denies* some particular material and traversable allegation, the denial of which is, in effect, a denial of the entire right of action.   Gould Pl. c. 2, s. 38.   In England, such pleas were allowed as matter of convenience for the sake of confining the evidence to one single point, so that if the jury on that point gave a corrupt verdict, they might be more easily attainted than they could have been on the general issue, where the matter was more complicated.   Issues of this sort were formerly not uncommon there ; but they fell into disuse except in feigned issues, where they were, and perhaps now are, uniformly adopted, the pleas in those cases always being drawn with express admissions of all the facts stated in the declaration, except the particular fact that the issue was intended to try.   Lawes Pl.   [* 523].   See forms of such pleas in 2 Chit.

7

Pl. [* 239], and 1 Wentw. 120 to 140. Such pleas are to the particular allegation that they deny what the general issue is to the whole declaration. And they effectually deny the whole declaration ; for when each of several concurring facts is necessary to one entire cause of action, the denial of any of them is a denial of the whole cause of action.

But when the defence consists of matter of *fact* merely in *denial* of such allegations in the declaration as the plaintiff would on the general issue be bound to prove in support of his case, a special plea in bar is bad as amounting to the general issue. 1 Chit. Pl. [* 527] ; Steph. Pl. [* 418], Rule II. Such is the character of these pleas. The declaration alleges a consideration for carrying the plaintiff. On trial on the general issue, the plaintiff would be bound to prove this allegation as one of the essential elements of recovery, for such has he made his case by the declaration. The pleas, in an indirect way, deny this allegation by advancing new matter, showing a contract contradictory to that stated in the declaration, and conclude with a verification. They have no semblance to special issues, either in form or substance. They allege new matter, they contain no direct denial, they do not conclude to the country. Viewed as traverses, they tend to unnecessary prolixity, and are an argumentative denial and a departure from the prescribed form of pleading the general issue.

There is a great distinction between the case of a plea that amounts to the general issue and a plea that discloses matter that may be given in evidence under the general issue. In *Carr* v. *Hinchliff*, 4 B. & C. 547, a defence was put upon the record that, it was admitted, might have been gone into under the general issue and yet the plea held good. It is there said that there are instances in which a defendant has the option of giving his defence in evidence under the general issue or of putting it on the record. And those instances are said to be—1st, where the right of action is confessed and avoided by matter *ex post facto,* e. g., by a plea of payment, accord and satisfaction, and the like ; and 2d, where the plea *does not deny the declaration,* but answers it by matter of law, as, in *Hussey* v. *Jacobs,* 1 Ld. Raym, 87, which was an action against the acceptor of a bill of exchange, the de-

fendant pleaded that it was given for money lost at play, and therefore void under the 16 Car. 2, c. 7. See also, *Maggs* v. *Ames*, 4 Bing. 470. In *Hayselden* v. *Staff*, 5 A. & E. 153, a plea setting up a different contract from the one declared on, was held ill as amounting to the general issue. In this case Lord Denman said, that " what, in correct language, may be said to amount to the general issue is, that for some reason specially stated, the contract does not exist in the form in which it is alleged ; and when that is the case, it is an argumentative denial of the contract instead of being a direct denial, and which, according to the correct rules of pleading, is not allowable." In *Morgan* v. *Pebrer*, 3 Bing. N. C. 457, a plea setting up a contract incompatible with the one declared upon was held ill as amounting to the general issue. In *Lyall* v. *Higgins*, 4 Q. B. 528, a plea alleging a different consideration from that stated in the declaration was held bad for the same reason. PATTESON, J., said, " It is now settled that the proper mode of traversing a consideration is by a plea of non-assumpsit." In *Potter* v. *Stanley*, 1 D. Chip. 243, a special plea in bar that the note declared upon was given without consideration was adjudged to amount to the general issue.

We are of opinion, therefore, that the pleas now before us cannot be sustained in form. As to the proper manner of taking advantage of a defect of this kind, we express no opinion further than to say, that by joining in demurrer the defendant waived whatever right it might otherwise have had to appeal to the discretion .of the court, and the question may be decided on demurrer. Gould Pl. c. 6, s. 88.

Judgment affirmed and cause remanded, with leave to the defendant to replead on the usual terms.