KATHERINE G. DUNLEVY v. EDWARD J. FENTON.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 24, 1908.

*Deeds—Deposit in Escrow—Wrongful Delivery—Effect—Plead-
ing—Pleas of Confession and Avoidance—Requisites —
Special Demurrer—Effect in Reaching Prior Pleadings.*

A special demurrer reaches all the preceding pleadings, but has only
the force of a general demurrer as to pleadings prior to the one
specially challenged.

The allegation in a plea, that plaintiff by her deed under her hand and
seal released and discharged defendant from the cause of action
declared upon, argumentatively alleges a delivery of the deed,
and so is sufficient on general demurrer.

A plea of confession and avoidance must contain at least an implied
admission that the allegations sought to be avoided are true.

Where a plea alleges that plaintiff by her deed released defendant from
the cause sued on, an allegation of the replication that plaintiff
made the supposed deed of release pleaded by defendant is insuf-
ficient to give color.

When a deed is deposited in escrow to be delivered to the grantee only
upon the performance of some condition, and the depositary de-
livers it without such performance, there is no delivery in law,
and the deed is without effect.

Where a plea relies on plaintiff's deed releasing and discharging
defendant from the cause of action declared upon, a replication
alleging the making of "said supposed deed of release," its de-
posit in escrow to be delivered to defendant upon performance by
him, of certain agreements, and his possession thereof wrongfully
obtained without such performance, is bad on special demurrer,
because it not only fails to admit the truth of the allegations
sought to be avoided, but relies on facts wholly inconsistent with
the existence of the release.

ASSUMPSIT for breach of a marriage promise. Heard on special demurrer to plaintiff's replication to defendant's sixth special plea, at the September Term, 1907, Windham County, *Haselton*, J., presiding. Demurrer overruled and replication adjudged sufficient. The defendant excepted. The opinion states the substance of the pleadings in question.

*Gibson & Waterman, R. C. Bacon,* and *J. K. Batchelder* for the defendant.

Although a special demurrer reaches back through all the pleadings and seizes upon the first defect, it has only the force and effect of a general demurrer beyond the particular pleading against which it is filed. *Kent* v. *Miles,* 65 Vt. 582; 1 Chitty's Pl. 540; *Spencer* v. *Southwick,* 9 Johnson (N. Y.) 315; *Sullivan* v. *Iron Silver Mining Co.,* 109 U. S. 342.

This replication, although in an indirect way it attempts to deny the fact of delivery by advancing new matter—showing a state of facts contradictory to and inconsistent with delivery—has no semblance to a direct traverse and the framing of an issue. It contains no direct denial; but indirectly, if at all, and inferentially, by advancing new and numerous facts, denies by implication the fact of delivery to the defendant. And further, another fatal defect, it concludes with a verification and not to the country as a traverse should. Stevens on Pleadings, (9 Am. Ed.) 481; *Kimball* v. *Railroad Co.,* 55 Vt. 95; *Merritt* v. *Miller,* 13 Vt. 416; 18 Am. & Eng. Enc. of Law 522; *Belknap* v. *Billings,* 76 Vt. 54; *Spencer* v. *Bemis,* 46 Vt. 29; *Lyall* v. *Higgins,* 4 Q. B. 528.

But if it is held that this replication by setting up another state of facts inferentially and argumentatively, not directly, denies the delivery of the release to the defendant, and so amounts to a general denial or issue, such a process is not allowable under the well established rules of pleading and may be reached by special demurrer. It is not a general issue as known in pleading but only "amounts to the general issue," and "to allow it would lead to innovation and confusion and tends to destroy settled distinctions, and to the introduction of new pleas unknown to the law." *Hayselder* v. *Staff,* 5 A. & E. 153.

Nor is the replication in confession and avoidance of the plea, for it sets up facts wholly inconsistent with the existence

of the release relied on in the plea. *Morse* v. *Lowe,* 44 Vt. 561; *Rich* v. *Elliot,* 10 Vt. 211; *Abbott* v. *Choate,* 47 Vt. 53; *Gillette* v. *Ballou,* 29 Vt. 296; *Gilmore* v. *Morse,* 14 Vt. 457; *R. R. Co.* v. *Bailey,* 24 Vt. 465; *Sanborn* v. *Chittenden,* 27 Vt. 171; *Davis* v. *Bradley,* 24 Vt. 55. The only ground in law that can be set up to defeat a sealed instrument duly delivered is fraud in its procurement. Beyond this equity. alone can afford relief. *Tyler* v. *Gilmore,* 25 Vt. 411; *Townsend* v. *Webb,* 8 Mass. 146; *Dickson* v. *Blondin,* 58 Vt. 689; *Daw* v. *Munsell,* 13 Johns. (N. Y.) 430; *Com.* v. *Knapp,* 8 N. Y. 402; *Vrooman* v. *Phelps,* 2 Johns. (N. Y.) 177; *Stevens* v. *Judson,* 4 Wend. 473.

*Butler & Moloney* and *H. G. Barber* for the plaintiff.

The replication confesses the plea, for it acknowledges the making of the release, and avoids it by matters arising subsequent to its execution, and such matters are properly, if not necessarily, specially pleaded. *Reed* v. *Ins. Co.,* 54 Vt. 419; Chit. Pl. 366; Gould's Pl. 346 (4th Ed. p. 308, §56); *Ins. Co.* v. *Wright,* 55 Vt. 531; *Joslyn* v. *Tracey,* 19 Vt. 569; Gould's Pl. (4th Ed.) §54; 3 Chitty's Pl. 563.

MUNSON, J. The plea alleges in substance that the plaintiff by her deed in writing under her hand and seal released and discharged the defendant from the cause of action sued upon, and covenanted and agreed that at the next succeeding term the suit should be entered "settled and discontinued," and makes profert of said deed.

The replication alleges in substance that the plaintiff made said supposed deed of release and delivered it to one Garceau, on condition and in consideration that the defendant then promised that he would make and deliver to the plaintiff a like deed of release discharging the plaintiff to the same extent, and would deliver to the plaintiff the pleas prepared in the case, and would leave five hundred dollars with Garceau for the plaintiff by a time stated, and that both parties should treat such agreement as strictly confidential; and alleges further that the parties were to meet at Garceau's office at the time stated, and that Garceau was then to deliver said money to the plaintiff and said supposed deed of release to the defendant, but that

said deed was not to be of any force until defendant had fully complied with every condition of said agreement; and alleges further that the terms of said agreement were made public by defendant, that said pleas were not delivered to the plaintiff but were filed in court, and that neither the defendant's release nor said sum of money was delivered to the plaintiff; that plaintiff was at Garceau's office at the time named and was then informed by Garceau that the defendant had not left said money as agreed, and that plaintiff waited some time without the defendant appearing, and then demanded of Garceau the return of her said supposed deed of release, but that Garceau refused to return it, and afterwards delivered it to defendant's attorneys against her protest, and that the supposed deed pleaded by defendant is not her deed of release; concluding with a verification.

The replication is demurred to; and special causes of demurrer are assigned, which are in substance, that it does not answer the plea, either by a general form of denial or by a denial of any single material fact; that it advances new matter, and thereby sets forth a contract different from that stated in the plea, and so amounts to the general issue; and that it does not confess and avoid any material allegation of the plea.

The plaintiff claims that the plea is defective in that it fails to allege a delivery of the deed of release; and that if it be held that a delivery of the deed is sufficiently alleged, the plea is double, in that it sets up a release of the cause of action and a covenant to discontinue the suit; and that inasmuch as the plea is bad, it is sufficiently answered by the replication, even though that be defective. The demurrer reaches all the pleadings, but has the force of a general demurrer only, as applied to pleadings prior to the one demurred to. So it reaches only substantial defects in the plea, and if a delivery of the release is argumentatively alleged the plea is sufficient, for argumentativeness and duplicity are but defects of form. We think a delivery of the deed of release is argumentatively alleged. The allegation is not that the plaintiff made a deed releasing the defendant, but that by her deed she released him, which implies a delivery. So the plea is sufficient, and if the replication stands it must be upon its merits.

The plaintiff argues that the replication is a proper plea of confession and avoidance; that the matters set up in avoidance

were not coincident with the execution of the release, but occurred after its execution, and so constitute no impeachment of its original validity; that the release became inoperative by reason of these subsequent occurrences, and that matters of avoidance thus arising may be specially pleaded.

It should be noticed at the outset that the matters set up as occurring subsequently to the execution of the release are not matters that arose independently of the contract as the replication alleges it to have been made. These subsequent occurrences, as alleged, were merely breaches of an agreement under which the deed of release was made and deposited. The replication alleges a delivery to a third person to be held for delivery to the defendant when certain conditions were complied with, and a possession wrongfully obtained without such compliance, and avers in conclusion that such supposed deed of release is not the plaintiff's deed.

A plea of confession and avoidance must at least give color to the matter to which it is applied; that is, it must so far confess the matter adversely alleged as to give the opposite party an apparent right—it must contain at least an implied admission that the allegations to be avoided are true. *Dunklee* v. *Goodenough,* 65 Vt. 257; *Baker* v. *Sherman,* 75 Vt. 88. It follows that a plea of confession and avoidance which in effect denies the existence of the claim it opposes is defective. The plea rests upon the confession, for if there is no such adverse claim there is nothing requiring new matter in avoidance. Connected with this rule, and largely depending upon it, is the doctrine that a special plea amounting to the general issue is bad. 1 Chitty 526. A plea which sets up in reply a different contract from the one alleged is bad for this reason. It is an argumentative denial of what the adverse pleader must prove to sustain his claim. *Kimball* v. *Railroad Co.,* 55 Vt. 95; *Hayselden* v. *Staff,* 5 A. & E. 153.

The allegation of the replication that the plaintiff made the supposed deed of release pleaded by the defendant is not sufficient to give color. The plaintiff's brief proceeds upon the theory that the deed of release went into effect and was made inoperative by subsequent occurrences, but the allegations of the replication show that the deed never became operative. The replication sets forth a contract which led to the preparation of a deed of release, but the contract as set forth is entirely

inconsistent with the existence of the release as the defendant claims it.   When a deed is deposited with a third person to be delivered to the grantee only upon the performance of some condition precedent, and the depositary delivers it without the performance of the condition, there is no delivery in law, and the deed is without effect. *Stiles* v. *Brown*, 16 Vt. 563.   We hold the replication insufficient on both the grounds considered.

*Judgment reversed; demurrer overruled as to the plea and plea adjudged sufficient; demurrer sustained as to the replication and that adjudged insufficient; and cause remanded.*