THE BAVARIAN BREWING COMPANY, a corporation of the State of Delaware, *vs* JOHN RETKOWSKI.

1. PLEADING—DEMURRER ADMITS FACTS AND INFERENCES THEREFROM, BUT NOT CONCLUSION OF LAW.

   A demurrer admits facts well pleaded and inferences that may be fairly and reasonably drawn therefrom, but not conclusions of law deduced by the pleader from facts pleaded.

2. BILLS AND NOTES—PLAINTIFF NEED NOT PLEAD PERFORMANCE OF CONDITIONS STATED IN CONTEMPORANEOUS SEPARATE AGREEMENT.

   Plaintiff suing on a note is not required to plead a contemporaneous agreement in a separate instrument varying the terms of the note by imposing certain conditions, nor performance thereof, the nonperformance of such condition being a matter of defense and the burden of proving nonperformance being on the defendant.

3. BILLS AND NOTES—CONTINGENCY TO INVALIDATE NOTE MUST BE APPARENT ON FACE OF NOTE OR IN CONTEMPORANEOUS WRITTEN MEMORANDUM ON SAME PAPER.

   A contingency to avoid a note must be apparent either upon the face of the note or upon some contemporaneous written memorandum on the same paper.

4. BILLS AND NOTES—NEGOTIABILITY NOT AFFECTED BY COLLATERAL AGREEMENT.

   A collateral agreement entered into at the time a promissory note is made does not of itself affect the negotiability of the note, since by making and delivering the note the maker and the accommodation indorser intend that it be put into circulation.

5. PLEADING—"PLEAS IN CONFESSION AND AVOIDANCE" DEFINED.

   Pleas in confession and avoidance must either expressly or impliedly admit that the allegations in the declaration are true, with a statement of matter which destroys their effect, and must confess a *prima facie* right of action in the opposite party, and then state new matter by which that apparent right is defeated.

6.   Pleading—Pleas in Confession and Avoidance Held Bad as Argumentative Denials of Cause of Action.

In an action on a note against accommodation indorser, pleas in the nature of pleas in confession and avoidance, alleging that a collateral agreement was executed contemporaneously with the note, that compliance with such agreement was a condition precedent to recovery on note, that plaintiff had not alleged compliance therewith, and therefore was not entitled to recover, but plaintiff had not performed the contract, and therefore could not recover, that the note sued on was a renewal note, the original note was made by husband in consideration of his antecedent debt, and by his wife without other consideration than to secure such debt of husband, that husband has since died, that renewal note was signed by wife alone, and was without consideration to the wife, and therefore void as to her and as to defendant as accommodation indorser, *held* bad since such pleas do not confess a *prima facie* right in plaintiff to recover on note, but allege new matter to show that the note was never made as alleged in the declaration, and amount to argumentative denials of plaintiff's right of action.

7.   Bills and Notes—Defendant Under General Issue of Non Assumpsit May Deny Existence of Note or Show Invalidity Thereof or Nonperformance of Condition.

In an action on a note, defendant, under the general issue of non assumpsit, can not only deny existence of note, but can also show that the note was void in law, or that any condition considered in law as a part of the note had not been performed.

(*May* 17, 1921.)

Boyce, J., sitting.

*Richard S. Rodney* (of Saulsbury, Morris and Rodney) for plaintiff.

*William F. Kurtz* for defendant.

Superior Court for New Castle County, May Term, 1921.

Summons Case, No. 128, May Term, 1919.

Action by the Bavarian Brewing Company against John Retkowski.   On demurrer to pleas of confession and avoidance. Demurrer sustained.

See 7 *Boyce*, 530, 559, 109 *Atl.* 55, 579.

In this action, the plaintiff company declared in the usual form on a promissory note, and attached a copy of the note to the declaration.   The note sued on was a renewal note made by Jennie Poniecki for the payment of two thousand dollars absolutely.   On the back of the note in blank, John Retkowski, the defendant,

placed his signature as indorser with the signatures of three other endorsers, before delivery of the note to the plaintiff company. The defendant pleaded the general issue of non assumpsit and eight amended pleas in bar, in the nature of pleas in confession and avoidance with verification, etc., showing in each plea, in avoidance of the action as declared, a collateral agreement, and matters in law, which agreement it was alleged was entered into between the makers of the original note, the endorses and the plaintiff simultaneously with the delivery of said note, which was made by Maryan F. Poniecki, in his lifetime, and Jennie Poniecki, his wife, who after the death of her husband made several renewals of the note to the plaintiff company, including the note sued on, each renewal being first indorsed by the defendant and the other indorsers, who together indorsed the original note, which was made for the payment of thirty-two hundred dollars absolutely. The plaintiff demurred to each of said pleas.    The first of these pleas, being numbered 2, was in words and figures, following, to wit:

"And for a further plea in this behalf, the said defendant by leave of the court here, for this purpose first had and obtained, according to the form of the statute in such case made and provided, comes and defends the wrong and injury, when etc., and says that the plaintiff ought not to have or maintain its aforesaid action thereof against the defendant because he says that the promissory note mentioned and described in said declaration is a renewal or intended renewal of an original promissory note executed and delivered by the same makers to the same payee and indorsed by the same indorsers as appear as parties on the promissory note described in the declaration, with the exception that said original promissory note had as one of the joint makers thereof, with the said Jennie Poniecki, one Maryan F. Poniecki, husband of the said Jennie Poniecki, the maker of the promissory note sued upon in this cause, and that there was executed and delivered simultaneously with said original promissory note before mentioned a collateral agreement under seal executed by the same parties who constitute the parties to said original promissory note, in which collateral agreement the rights, duties and liabilities of the respective parties thereto were defined, prescribed and limited, not only with reference to said original promissory note but also of any renewal or intended renewal thereof, the promissory note sued upon in this cause being a renewal or intended renewal of said original promissory note and, therefore, the defendant sets out a copy of said collateral agreement, and it is in these words:

" 'This agreement made this 17th day of August, A. D. 1916, between "'Maryan F. Poniecki and Jennie Poniecki, his wife, parties of the first part;

"'Alexander Sobocinski, Stanley L. Sobocinski, John Retkowski and Stanley W. Salamon, parties of the second part;  and

" 'The Bavarian Brewing Company, a corporation of the state of Delaware, party of the third part;

" 'Witnesseth:

" 'Whereas, the said Maryan F. Poniecki is indebted to the Bergdoll Brewing Company, a corporation of the state of Pennsylvania, in the sum of thirty-two hundred dollars and the said Bergdoll Brewing Company holds a second mortgage on the premises of the said Maryan F. Poniecki to secure the sum of three thousand dollars; and

" 'Whereas, it is desired that a note shall be discounted at some banking institution in the city of Wilmington to pay off the claim of the said Bergdoll Brewing Company; and

" 'Whereas, the said parties of the second part have agreed to endorse a note of the said Poniecki for the sum of thirty-two hundred dollars, said note to be drawn to the order of the Bavarian Brewing Company, party of the third part;

" 'Now this agreement witnesseth that the said Maryan F. Poniecki and Jennie Poniecki, his wife, parties of the first part, agree to execute a note for the sum of thirty-two hundred dollars to the said the Bavarian Brewing Company, and to assist in having the same discounted by the said the Bavarian Brewing Company. The said parties of the first part further agree during the existence of the said indebtedness, to buy, purchase and obtain all the beer and porter used by him or them at their saloon located at 119 Market Street in the said city of Wilmington from the said the Bavarian Brewing Company; that all rebates on the said beer and porter shall be applied by the said the Bavarian Brewing Company toward the reduction of the said note or any renewal thereof, and the said parties further agree to pay to the agent of the said the Bavarian Brewing Company on Monday of each and every week during the existence of the said indebtedness the sum of twenty-five dollars, which said sum shall be expended by the said the Bavarian Brewing Company for the purpose of meeting the taxes assessed against the said property at No. 119 Market street, the interest on the first mortgage now against the said property amounting to thirteen thousand dollars, the water rent of said property, and to meet the fire insurance premiums on said property, and the balance of said payments on said property, and the balance of said payments to be applied on account of said note above mentioned or any renewal thereof; and the said parties further agree when and as the said note, or any renewal thereof, becomes due and payable, to sign, execute and deliver a renewal note to take the place of the one so falling due;

" 'And the said Alexander Sobocinski, Stanley L. Sobocinski, John Retkowski and Stanley W. Salamon, parties of the second part, agree for themselves that they will indorse the said note of the said Maryan F. Poniecki and Jennie Poniecki, his wife, for the sum of thirty-two hundred dollars as above set out, and further agree, when and as the said note, or any renewal thereof, becomes due and payable, to sign, execute and deliver a renewal note to take the place of the one so falling due;

" 'And the said party of the third part agrees for itself and its successors as follows:

" 'That it will take the said note of the said Maryan F. Poniecki and Jennie Poniecki, his wife, and have the same discounted, applying the proceeds thereof to the indebtedness now owing to the Bergdoll Brewing Company;

Statement.

that it will take the assignment of the mortgage held by the Bergdoll Brewing Company and hold the same as collateral until the indebtedness of the said Maryan F. Poniecki, evidenced by the note as aforesaid, shall have been paid in full, at which said time the mortgage so assigned to the Bavarian Brewing Company shall be satisfied or assigned to such person or persons as may be nominated by the said Maryan F. Poniecki to receive the same; that it will receive and collect from the said Maryan F. Poniecki, as far as it is possible to do so, the sum of twenty-five dollars on Monday of each and every week, which said sum shall be applied by the Bavarian Brewing Company toward meeting the taxes assessed against the said property at No. 119 Market street, the interest on the first mortgage now against the said property amounting to thirteen thousand dollars, the water rent of said property; and to meet the fire insurance premiums on said property, and the balance of said payments to be applied on account of said note above mentioned or any renewal thereof. And the said the Bavarian Brewing Company further agrees that all rebates from the sale of beer and porter sold to the said Maryan F. Poniecki shall be retained by the said the Bavarian Brewing Company and used for the purpose of making payments on the note as above set out or any renewal thereof. ·

"'It is further understood and agreed that in addition to the sum of twenty-five dollars per week to be paid by the said Maryan F. Poniecki, that he shall pay weekly without failure on his part, the beer bills due to the Bavarian Brewing Company for the beer so supplied to him.

"'And it is further understood and agreed by all of the parties hereto that upon failure of the parties of the first part to fully perform any of the covenants or agreements on their part, or upon failure on the part of the parties of the second part to sign any renewal notes provided for in the said agreement, that in the event of any of these said happenings, it shall be the right of the Bavarian Brewing Company to immediately and without delay institute foreclosure proceedings upon the second mortgage so assigned to them as set out in said agreement, and in case the said mortgage is paid from the proceeds of said foreclosure proceedings, to apply the money so received to the reduction of the indebtedness which is the subject of this indebtedness.

" 'In witness whereof all the said parties of the first and second parts have hereunto set their hands and seals, and the party of the third part hath caused the hand of its vice president and its common and corporate seal duly attested by its secretary to be hereunto affixed. Dated the day and year first above written.

" 'Signed, sealed and delivered in the presence of

| | |
|---|---|
| "'MARY F. PONIECKI. | [Seal.] |
| "'JENNIE PONIECKI. | [Seal.] |
| "'ALEXANDER SOBOCINSKI. | [Seal.] |
| "'STANLEY L. SOBOCINSKI. | [Seal.] |
| "'JOHN RETKOWSKI. | [Seal.] |
| "'STANLEY W. SALAMON. | [Seal.] |

"'The Barvarian Brewing Company,
         "'By JOHN F. HEHL,   Vice President.

" 'Attest:  WILLIAM BUTⱫ,  Secretary.'

"Wherefore, the defendant says that the said plaintiff ought not to have or maintain its aforesaid action thereof against the said defendant because he says that the said several supposed promises and undertakings relative to said

promissory note described in said declaration, and the rights, duties and liabilities arising and accruing thereunder to the respective parties thereto, whether as makers, payee, or indorsers, were defined, prescribed and limited by the rights, duties and liabilities prescribed and contained in aforesaid collateral agreement, and the said promissory note declared on in the aforesaid declaration and said collateral agreement hereinbefore set out, constitute together one indivisible contract, which construed together disclose that plaintiff's right to sue on the promissory note declared upon by it in its declaration depended upon the terms and conditions prescribed in the aforesaid collateral agreement, and the performance of the terms and conditions prescribed and contained in said collateral agreement were conditions precedent to the accruing of a right of action on aforesaid promissory note by said plaintiff against this defendant, and that it was, therefore, the duty of the plaintiff in its declaration not only to set out the aforesaid collateral agreement together with said promissory note, but also to allege its performance of the covenants and conditions contained in both paper writings constituting the contract, before any right of action thereon accrued to the plaintiff against the defendant in this cause. And this the said defendant is ready to verify, wherefore he prays judgment if the the said plaintiff ought to have or maintain its aforesaid action thereof against him, etc."

The remaining seven amended pleas were similar to the second, except in the averments in the latter part of each plea. The difference between the second and eighth pleas is that in the eighth plea the defendant averred that it was plaintiff's duty in its declaration not only to allege but also to prove its performance of the covenants and conditions contained in both paper writings constituting the contract in question, as conditions precedent to the accruing of any right of action thereon to the plaintiff against the defendant; but defendant says that plaintiff has not hitherto well, truly and faithfully and diligently executed and performed all and every the duties and obligations devolving on it as a party to and under the terms of said collateral agreement and as payee of the promissory note sued upon in this cause, and that therefore defendant is not liable on said promissory note sued upon in this cause until plaintiff has faithfully and diligently executed and performed all and every the duties and obligations devolving on it by the terms and conditions of said collateral agreement and as payee of said promissory note.

In the latter part of the third plea it was averred that the original promissory note given in this cause, was executed and delivered by Maryan F. Poniecki to the plaintiff in this cause for which the consideration was the antecedent debt of the said Maryan

F. Poniecki. Jennie Poniecki, the wife, joined her husband as one of the joint makers of said original note, but no consideration moved to or from her in the transaction. The defendant was one of four accommodation endorsers thereon. After the execution and delivery of said original promissory note and collateral agreement, and before the maturity of said note, the said Maryan F. Poniecki died, and thereafter the renewal or renewals thereof, including the promissory note sued upon in this cause, were signed by the said Jennie Poniecki, as sole maker; she signing the same as the survivor of Maryan F. Poniecki and Jennie Poniecki, his wife, the makers of the original promissory note. The defendant, therefore, alleges that there is both an absence of and total failure of consideration so far as concerns the said Jennie Poniecki in her individual capacity, as maker of the promissory note sued on in this cause, which right moves to the benefit of the defendant as an endorser of said note, thus relieving defendant of any liability thereon. In the latter part of the fourth plea it was averred that the said original promissory note and all renewals thereof were prepared by or at the instigation of the plaintiff and were presented to the makers and endorsers thereof for their signatures; that plaintiff did not let said original promissory note, which was executed by Maryan F. Poniecki, go to protest, but in lieu thereof, accepted a renewal note signed by Jennie Poniecki as sole maker, and thereafter, upon further renewals of said promissory note, from time to time, continued to accept the said Jennie Poniecki, as sole surviving maker, including the promissory note sued upon in this cause, whereby the said plaintiff, either knowingly, or by its own laches, discharged the said Maryan F. Poniecki, the original maker of the note, who received or gave valuable consideration therefor, and who was primarily liable as maker for the debt secured thereby, and, by such discharge of the said Maryan F. Poniecki, it discharged the said defendant, who was only secondarily liable thereon as accommodation endorser according to the form of the statute, etc.

In the latter part of the fifth plea it was averred that the plaintiff, either knowingly, or by its own laches, released the principal

debtor, without expressly reserving the plaintiff's right as holder of the promissory note sued on in this cause against the defendant and his co-endorsers, who are only secondarily liable thereon, and by such release of said Maryan F. Poniecki as principal debtor, who was primarily liable, plaintiff released the defendant, who was only secondarily liable thereon as accommodation endorser, according to the form of the statute, etc.

In the latter part of the sixth plea it was averred that by these acts the plaintiff discharged the original promissory note hereinbefore mentioned by discharging Maryan F. Poniecki, one of the original makers thereof, whose antecedent debt was the original and only consideration for said note, and thereby also discharged and made void the note sued upon in this cause, in that Jennie Poniecki, who was one of the makers of the original promissory note hereinbefore mentioned, was the wife of Maryan F. Poniecki, the other maker of said original promissory note, and as no consideration moved to or from her in the execution and delivery of said original promissory note, the legal effect of her signature thereto was to make her surety thereon for her husband's debt, which she was legally incapable of doing, and as she renewed said promissory note from time to time, as the surviving maker thereof, of herself and her husband, and not in her individual capacity as if a femme sole, her renewal notes, including the promissory note sued upon in this cause, were likewise void and thereby discharged the promissory note sued upon in this cause, whereby said note was likewise discharged so far as any liability therefor was imposed on the defendant in this cause according to the form of the statute, etc.

In the latter part of the seventh plea it was averred that the said Jennie Poniecki did not legally bind herself, as joint maker with her husband for her husband's debt, in the original promissory note hereinbefore mentioned, because she could not legally join or secure her husband for his debt in the execution and delivery of such a promissory note, and as the said Jennie Poniecki signed the renewal notes after her husband's death, inclusive of the promissory note sued upon in this cause, as the survivor of herself

and her husband, the joint makers of the original promissory note, and not in her individual capacity as if she were a femme sole, all renewals of said promissory notes executed and delivered after the delivery of the original promissory note were the execution and delivery of a void instrument in so far as the same was intended to and did make the defendant legally liable thereon as an endorser.

BOYCE, J. After a careful consideration of the arguments of counsel, the court is constrained to the conclusion that the amended pleas cannot be sustained.

[1] A demurrer admits facts well pleaded, and inferences that may be fairly and reasonably drawn therefrom, but not conclusions of law deduced by the pleader from the facts pleaded.

[2] In an action on a promissory note absolute on its face, and in the ordinary form, it is not necessary to notice in the declaration a contemporaneous agreement, in a separate instrument, varying the terms of the note by imposing certain conditions. And when the note itself does not contain, or has not endorsed on it, or attached to it a condition, or, if it is not subject to a condition contained in a contemporaneous agreement referred to in the note, but is separate from the note, it is not required that the condition and performance thereof should be alleged in the declaration on the note; for they are matters of defense only, and the burden of showing that the condition was not performed is on the defendant. *Kennedy v. Murdick*, 5 *Harr*. 263; *Smalley et al. v. Bristol*, 1 *Mich*. 153; 8 *C. J*. 869, § 1138.

[3] In order to make a note invalid as a promissory note, the contingency to avoid it must be apparent, either upon the face of the note, or upon some contemporaneous written memorandum on the same paper; for, if the memorandum is not contemporaneous, or it it be merely verbal, in such case, whatever may be its effect as a matter of defense between the original parties, it is not deemed to be a part of the instrument, and it does not affect, much less invalidate, its original character. *Story on Prom. Notes*, § 24.

[4] By making and delivering a promissory note the maker,

and the accommodation endorser as well, must be held to intend that it may be put in circulation, so that a collateral agreement entered into at the time a promissory note is made does not of itself affect the negotiability of the note. There are certain well-settled rules of law governing negotiable paper, and the stability of these rules is vitally important to the necessities and convenience of business. "The law has always been solicitous to exclude any rules calculated to hinder the free circulation of commercial paper having legitimate inception."

[5] Pleas in confession and avoidance must either expressly or impliedly admit that the allegations in the declaration are true, with a statement of matter which destroys their effect. 1 *Chit. Pl.* *551, *552. Such a plea must confess a *prima facie* right of action in the opposite party and then state new matter by which that apparent right is defeated.

[6] The declaration in this action is on the alleged promissory note, which was given for the payment of money absolutely. The facts set up in the pleas with respect to the alleged contemporaneous agreement are in denial of the allegations of the plaintiff, and the claim of the defendant is that the note was payable only on conditions precedent, and that it could not be declared on except as a special agreement with averments of full performance of the conditions. The authorities do not hold that the declaration should count upon a special agreement, and not upon the note. *Smalley et al. v. Bristol, supra.* The pleas allege new matter to show that the note was never made as alleged in the declaration, and they are more in the nature of a denial of the right of action of the plaintiff on its declaration than in confession and avoidance of plaintiff's right of action. A plea in confession and avoidance must, as already stated, confess a *prima facie* right in the plaintiff on his declaration, which the defendant must avoid by new matter,—such a plea must, at least, give color to the matter to which it is applied; that is, it must so far confess the matter adversely alleged as to give the opposite party an apparent right,—it must contain, at least, an implied admission that the allegations to be avoided are true. The plea cannot deny and avoid, for it rests upon the con-

fession. *Dunlevy v. Fenton*, 80 *Vt.* 505, 68 *Atl.* 651, 130 *Am. St. Rep.* 1009; 1 *Chit. Pl.* * 527.

The amended pleas of the defendant, instead of confessing the contract (the note as declared on), allege matter to show that it was never made as alleged in the declaration and they each amount to an argumentative denial of plaintiff's right of action. *Kimball v. Boston, C. & M. R. Co.*, 55 *Vt.* 95. And as pleas of matter which show that no contract as alleged was in fact made, they are not good. 1 *Chit. Pl.* 527.

The case of *Hayselden v. Staff*, 5 *Ad. & E.* 153 (1836), 111 *Eng. Rep. Full Reprint*, 1124, was an action of indebitatus assumpsit. The plea set up a different contract from the one declared on, in that it was alleged that the work was done in endeavoring to prevent a chimney from smoking, and on the terms that plaintiff should not be paid unless he prevented it from smoking, and that he had not prevented it. On the question whether the defense set up in the plea could be given in evidence under the general issue of non assumpsit, Lord Denman said:

" There is no doubt but it might be so before the new rules, because not only might the fact of the actual contract itself be denied, but also it might be proved that it was void, in law, or that the contract itself had been performed, or that the defendant was excused from the performance of it by many other circumstances.    *    *    * As the defense set up on this record shows a different contract from that which is stated in the declaration, inasmuch as the contract stated in the plea is that the money should be paid on a certain condition which has not been performed, it is not a contract to pay upon request, and therefore the defense might be gone into upon the general issue.    *    *    * There is a great distinction between the case of a plea which amounts to the general issue, and a plea which discloses matter which may be given in evidence under the general issue. Under the latter,    *    *    * the various things enumerated may be given in evidence under the general issue, independently of any of the new rules; but it is incorrect language to say that these things amount to the general issue; they only defeat the contract; but, what, in correct language, may be said to amount to the general issue, is, that for some reason specially stated, the contract does not exist in the form in which it is alleged, and, where that is the case, it is an argumentative denial of the contract instead of being a direct denial; and which, according to the correct rule of pleading, is not allowed."

In *Morgan v. Pebrer, 3 Bing. N. C.* 457, a plea setting up a contract incompatible with the one declared upon was held bad.

[7]    The averments in the pleas to the effect that the original note was made by Maryan F. Poniecki in consideration of his

antecedent debt, and that his wife, Jennie Poniecki, was a joint maker of said note without other consideration than to secure the said antecedent debt of her husband, and that the defendant was one of four accommodation endorsers on said note, do not confess and avoid plaintiff's allegations.    Whether said original note was void as to Jennie Poniecki for want of consideration and operated as a discharge of the defendant, or whether the giving of said original note is now more than merely an incident in the transaction, may very properly be determined at the trial.    Whether the renewal notes, including the note sued upon, made by Jennie Poniecki in her own right and not as survivor, as alleged, and endorsed by the original endorsers, after the death of Maryan F. Poniecki, were without consideration to Jennie Poniecki, and void as to her, and likewise void as to the defendant, are matters of law pleaded and may be given in evidence on the general issue.    *Patterson, J.*, in *Lyall v. Higgins*, 4 *Q. B.* 528, said: "It is now settled that the proper mode of traversing a consideration is by a plea of non assumpsit."    By the Hilary Rules (1833-34), which have not been adopted in this state, the defendant was compelled in terms to deny particular parts of the declaration, and to plead specially every matter of defense not merely consisting of denial of the allegations in the declaration,   1 *Chit. Pl.* (*7th Lond.*, 14*th Am. Ed.*) 512; but, here, under the general issue of non assumpsit, not only may the fact of the actual note sued on itself be denied, but also it may be shown that the note was void in law, or that any condition considered in law as a part of the note had not been performed; and almost anything may be given in evidence which shows that the plaintiff never had a cause of action, and almost everything which shows at the time of the commencement of the action he had no cause of action.    *Cleaden v. Webb*, 4 *Houst.* 473;   *Collins v. Bilderbeck*, 5 *Harr.* 133, 135; *Reading's Heirs v. State*, 1 *Harr.* 190, 192;   *Phleger v. Ivins*, 5 *Harr.* 118, 120; *Woolley's Del. Prac.* § 474.

The amended pleas are not special pleas of matters of excuse or justification which may be pleaded with the general issue when they confess the truth of the declaration.    *Collins v. Bilderbeck*, 5 *Harr.* 133, 135;   *Gould's Pl.* 346; 1 *Chit. Pl.* *480.   There are many

instances, in which there is the option of pleading the matter specially, or setting it up as a defense under the general issue, it being matter which confessed and avoided the cause of action, or gave the plaintiff implied color. *Husey v. Jacob*, 1 *Ld. Raym.* 87, 91 *Eng. Rep. Full Reprint*, 954; *Carr v. Hinchliff*, 4 *B. & C.* 547; 1 *Chit. Pl.* * 508, * 528. So where the defense consists of matter of law where in other words the mere facts charged in the declaration are admitted, and their legal operation is disputed by matter alleged in the pleas, the defendant need not plead the general issue, and the pleas may be special. 1 *Chit. Pl.* 528.

The pleas of the defendant qualify the contract alleged. They have no semblance to special issues, either in form or substance. They allege new matter but they contain no direct denial. They are bad. *Kimball v. Railroad Co.*, 55 *Vt.* 95.

In conclusion, the plaintiff in this case was not called upon to declare otherwise than on the note. The matter of the contemporaneous agreement, set up in the several amended pleas, did not vitiate the note, or destroy its character; and the plaintiff was not required to declare upon a special agreement as essential to its apparent or *prima facie* right of action. Whether the matters set up in the amended pleas are matters in defeasance of plaintiff's right of recovery, the defendant may properly avail himself thereof in defense at the trial.

It is the opinion of the court that the several amended pleas in bar cannot be supported, and that the demurrer to each of them should be sustained.