0421

Jesse J. FLOYD, Appellant, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.

(328 S. E. (2d) 132)

Court of Appeals

*George M. Lee, Jr.*, Columbia, *for appellant.*

*Weldon R. Johnson, Alford, Johnson & Salane*, Columbia, *for respondent.*

Heard Jan. 21, 1985.

Decided March 19, 1985.

GARDNER, Judge:

Dr. Jesse J. Floyd (Dr. Floyd) sued his malpractice carrier, St. Paul Fire and Marine Insurance Co. (St. Paul); the complaint alleged as a first cause of action, breach of contract and as a second cause of action, negligence based upon the alleged delicts of Attorney J. Means McFadden (McFadden). Summary judgment was granted St. Paul. We affirm.

## FACTS
The facts of this case are fully set forth in the cases of *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980), and *Floyd v. McFadden*, 327 S. E. (2d) 73 (S. C. 1985).

The trial court premised the appealed order granting summary judgment on two grounds, *viz:* first Dr. Floyd's insurance policy contained a provision that he would immediately forward St. Paul any summons, process, etc., received by him or his representative. The trial judge held this to be a condition precedent to Dr. Floyd's recovery and since Dr. Floyd had failed to comply with this provision of the policy, St. Paul was entitled to summary judgment; second, in reference to the negligence cause of action, the trial court found as a matter of fact that the proximate cause or contributory proximate cause of Dr. Floyd's damages was Dr. Floyd's negligence in failing to forward to St. Paul the summons and complaint in the Court of Common Pleas.

Dr. Floyd asserts error in the above ruling.

## I.

St. Paul asserted as an affirmative defense the condition precedent, which Dr. Floyd had admittedly not complied with. Dr. Floyd neither sought to nor filed a reply asserting waiver of or estoppel to assert the condition precedent. Furthermore, the record contains no evidence upon which an estoppel or waiver might be based. Under the circumstances, we affirm the summary judgment order as to the breach of contract action.

## II.

The negligence action is based upon the alleged delicts of McFadden, the attorney employed by St. Paul. *Floyd v. McFadden, supra,* is dispositive of this issue. There the Supreme Court affirmed judgment for McFadden for the same reason upon which the trial judge based the appeal order, which therefore must be affirmed by this court.

For the reasons given, the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.