0977

Richard Duane OYLER, Respondent v. Emma Lou Adams OYLER, Appellant.

(358 S. E. (2d) 170)

Court of Appeals

*Nancy M. Young*, of *Day, Millender & Young, P.A.*, Columbia, *for appellant.*

*Kenneth M. Mathews*, and *H. Bruce Williams*, Columbia, *for respondent.*

Heard May 18, 1987.

Decided June 22, 1987.

CURETON, Judge:

In this appeal from a family court order, Emma Lou Adams Oyler argues the judge erred in allowing her former husband, Richard Oyler, to offer evidence of adultery to bar her counterclaim for alimony where the issue of adultery had not been raised in the pleadings. She also argues that the adultery statute, Section 20-3-130, Code of Laws of South Carolina, 1976, is unconstitutional as violative of the equal protection clause of the United States Constitution. We reverse and remand on the first argument alone.

The Oylers were married in 1961 and separated in 1977. On January 23, 1985, the husband petitioned for a divorce on the ground of one year's continuous separation. The wife answered and counterclaimed for an adequate amount of support for herself and the parties' children. The husband's reply entered a general denial that he should be required to pay support to the wife. Following a hearing, the judge made a determination of the values of property for equitable distribution, granted a divorce on the ground of a one year continuous separation, and reserved the issues of equitable distribution, support, and attorney fees for a future hearing.

The subsequent hearing was held on January 7, 1986. Toward the end of the wife's testimony, counsel for the husband was questioning the wife regarding her testimony that she desired a reconciliation with her husband. Counsel then asked the wife, "And you have acknowledged to him that you've had some adulterous relationships since you'all separated, haven't you?" Counsel for the wife objected on the basis that adultery had not been pled. The judge allowed the question since the husband denied the wife's entitlement

to alimony, noting that he didn't think the husband had to plead it. The wife then answered that she had had a couple of sexual relationships since the separation.

The judge allowed the wife's counsel to file a memorandum in support of her objection to this cross-examination testimony and argue the point at a subsequent hearing. Counsel argued that the issue of adultery was not previously raised in the case, and was relevant only under Section 20-3-130, which bars alimony to an adulterous spouse. She argued that this Section is unconstitutional as violative of equal protection since spouses at fault for desertion, physical cruelty, and habitual drunkenness are not similarly barred. She also argued that the husband had not proven adultery.

The judge issued an order in February 1986 finding the husband's general denial in his reply that he should not be required to pay support to the wife properly placed adultery in issue under a liberal construction of Family Court Rule 12. He found that Section 20-3-130 statutorily denies alimony to an adulterous spouse, and therefore any evidence regarding the wife's adulterous relations was relevant to a consideration of alimony. The judge then ruled that the statute was constitutional, and that the wife's admission of sexual relations with persons other than the husband was sufficient to constitute adultery. The judge denied the wife's motion to strike the testimony. In a final order dated March 7, 1986, the court found that it had no alternative, given the statute and the wife's testimony, but to bar the wife from alimony.

The wife appeals, first arguing the court erred in allowing the husband to prove post-separation adultery where the issue was not raised by the pleadings. We agree.

Adultery, unlike recrimination and condonation, is not listed specifically as an affirmative defense which must be pled under Rule 11, Rules of Practice in the Family Courts of South Carolina. Under S. C. R. Civ. P. 8(c), however, "In pleading to a preceding pleading, a party shall set forth ... any ... matter constituting an avoidance or affirmative defense." At common law, a pleading of confession and avoidance is the introduction of new or special matter which admits the factual premises of the opposing

party's pleading but avoids or repels his conclusions. *Porter v. American Tobacco Co.*, 140 App. Div. 871, 125 N. Y. S. 710 (1910). New matter involves of necessity a new issue, or the introduction of a new ingredient as the basis of one which operates as a 'defense. *Brown v. Jones*, 137 Or. 520, 3 P. (2d) 768 (1931). A plea by way of confession and avoidance admits that the cause of action alleged did once exist, but avers subsequent facts which operate to destroy the cause of action and defeat a recovery. *Id.; Bavarian Brewing Company v. Retkowski*, 31 Del. 225, 113 A. 903 (1921). Thus, an avoidance is a defense which goes beyond the basic elements of the opposing party's cause and depends upon additional facts to defeat the claim. H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* 240 (1985).

Alimony is a substitute for support which is normally ██ incident to the marital relation. *Powers v. Powers*, 273 S. C. 51, 254 S. E. (2d) 289 (1979). Where a wife seeks alimony, it is the duty of the court to make an award that is fit, equitable, and just if the claim is well-founded. *McNaughton v. McNaughton*, 258 S. C. 554, 189 S. E. (2d) 820 (1972). Under Section 20-3-130, however, "no alimony shall be granted an adulterous spouse." This is the only class barred absolutely from alimony. *Herbert v. Herbert*, 260 S. C. 86, 194 S. E. (2d) 238 (1973). The party alleging that adultery has occurred must establish it by a clear preponderance of the evidence. *See, Allen v. Allen*, 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986); *Calcutt v. Calcutt*, 282 S. C. 565, 320 S. E. (2d) 55 (Ct. App. 1984). Clearly, therefore, adultery involves the introduction of new matter which constitutes an avoidance to a claim for alimony. Family Court Rule 3 provides that the rules of practice for the circuit courts of this State shall apply in domestic relations actions unless those rules conflict, in which case the family court rules shall apply. We can find no family court rule which conflicts with S. C. R. Civ. P. 8(c). In our opinion, adultery constitutes an avoidance to an action for alimony which should have been pled.

The husband, by raising the adultery issue for the first time at trial, gave the wife no notice that he would seek to prove adultery as a bar to her alimony counterclaim. The purpose of Rule 8(c) is to avoid the "surprise" defenses

permissible under the old general denial answer, and require the defendant to stick to "fact" pleading. S. C. R. Civ. P. 8(c), Reporter's Note. This case is inapposite to that of *Vance v. Vance*, 287 S. C. 612, 340 S. E. (2d) 554 (Ct. App. 1986), where this Court held the husband's allegation that the former wife's conduct of living with another man was a change in condition warranting termination of alimony sufficiently notified the wife that the husband would seek to reduce support on the basis of changed financial condition. Had the wife in this case been on notice that the husband would raise adultery as a bar to her alimony claim, she could have pled and sought to prove recrimination or condonation as dictated by Family Court Rule 11.

Finally, S. C. R. Civ. P. 8(f) provides that "All pleadings shall be so construed as to do substantial justice to all parties." In our opinion it would be extremely unjust to allow the husband to raise the issue of adultery, a complete bar to alimony, by surprise at.this stage of the case.

In conclusion, we find that adultery constitutes an avoidance which must be pled under S. C. R. Civ. P. 8(c), and reverse and remand the trial judge's decision to allow this testimony. Since we are reversing on this issue, it is unnecessary for us to reach the constitutional issue.

For the reasons stated above, the judgment appealed from is

Reversed and remanded.

GARDNER and SHAW, JJ., concur.