478 S.E.2d 854

**Jane DOE, Respondent/Appellant,**

v.

**John DOE, Appellant/Respondent.**

No. 2580.

Court of Appeals of South Carolina.

Submitted Sept. 10, 1996.

Decided Oct. 28, 1996.

Rehearing Denied Dec. 23, 1996.

494

John Doe, Columbia, Pro Se.

Nancy M. Young, Columbia, for respondent.

HEARN, Judge.

Jane Doe (Wife) filed this action against John Doe (Husband) seeking a divorce on the ground of adultery. Wife sought alimony, equitable distribution of the marital estate, possession of the marital home, discovery, and attorney's fees. The judge denied the request for a divorce, finding Wife failed to prove adultery by clear and convincing evidence; however, the judge entered an order of separate maintenance and

support addressing the other issues raised by the parties. The judge ordered Husband to pay $300 per month permanent, periodic alimony, equally divided the marital property, refused to require either party to pay for the college expenses of the parties' child, and ordered each party to pay his or her own attorney fees. Both parties appeal. We affirm.[1]

### *Facts*

Husband and Wife were married in September 1962. One son was born of the marriage. At the time of this action, the son was nineteen and a freshman at Clemson University. The parties separated in May 1993. Both parties worked outside the home throughout the marriage and shared household and child-rearing responsibilities. Husband, at the time of the action, was fifty-seven years old, in good health, and employed by the South Carolina Employment Security Commission. He has been employed by various state agencies for approximately twenty-five years. Husband testified his income contributed approximately 71% of the marital income. Husband earns a gross monthly salary of $4,212. He also has a retirement account valued without a cost of living factor at $115,904.47 and valued with a cost of living factor at $153,768.

At the time of the action, Wife was fifty-two years old, in good health, and employed as a nurse earning a gross monthly salary of $2,141.48. Wife has a retirement account valued at $1,617 and IRAs valued at $33,894.

At the temporary hearing, Wife introduced her affidavit stating Husband had been diagnosed with genital herpes, chlamydia, and chronic prostatitis. She attached a copy of an alleged medical form which she claims contains the diagnoses. The form includes a section entitled "Diagnosis" followed by three numeric codes. "Chlamydia, Herpes of Genitals Unspec, and Chronic Prostatitis" are listed next to each code under a heading entitled "Description." Wife testified she did not have either herpes or chlamydia.

During direct examination, Wife's attorney questioned her about the affidavit and medical document. Husband objected,

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

claiming it was not a medical document. The judge took judicial notice of the document because it was in the file. The affidavit was evidently introduced during a prior temporary hearing. Husband argued that although it was in the file, it could not be used at a final hearing. The judge overruled the objection.

During cross-examination, Wife was asked whether she had been propositioned by other men during the marriage. Wife's attorney objected, claiming Husband did not plead marital infidelity by Wife. The judge refused to allow the questioning, finding Wife was not put on notice of this issue. Later in the cross-examination Husband's attorney again tried to question Wife about her relationship with another man. Wife's attorney again objected and Husband's attorney withdrew the question.

Son attends Clemson University and earns As and Bs. Before the end of the marriage, the parties agreed he could attend Clemson if it was his college of choice. Husband testified the parties always agreed to pay Son's college costs. During his first year at Clemson, Husband contributed $7,020 toward his expenses for tuition, books, room, and board. Husband testified he also paid Son's car payment, car insurance, gas, health insurance, medical expenses, and spending money. Husband also purchased a $1,200 computer for Son. Husband used a joint marital savings account of $1,300 to pay some of these expenses.

Wife contributed funds for Son to take a winter ski trip and a trip to Florida for spring break. Son borrowed $5,800 in student loans during his first school year. The record does not indicate whether the loan proceeds were used to pay tuition or other costs. Son did not work during the school year and Husband testified he did not know what Son did with the money he earned during the summer vacation.

### Husband's Appeal

### I.

Husband first argues the family court judge erred in admitting Wife's complaint, affidavit, and attached medical form into evidence. We disagree.

██ Husband argues the judge erred in admitting Wife's complaint "into evidence" because the allegations in the complaint are untrue and the judge erred in "allowing a false accusation along with a false document resulting in undue harm to the [Husband]" into evidence. Husband alleges the false statements include Wife's allegation he had "sexual relationships with other men and women during the marriage," and her allegation that she was forced out of the marital home. We find this argument is without merit. A complaint is part of the pleadings of a case and is not "evidence." Furthermore, any objections to impertinent or scandalous matters in a complaint are properly raised by the defendant in a motion to strike. Rule 12(f), SCRCP ("Upon motion . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.").

██ Husband argues the family court erred in allowing into evidence the alleged medical form attached to Wife's affidavit as proof that he was diagnosed with chlamydia. Husband also argues the family court erred in allowing into evidence Wife's affidavit in which she states Husband was diagnosed with chlamydia in 1992. Husband denies he has chlamydia and argues the medical form was merely a statement of services for filing insurance, not a medical report containing a diagnosis.

The admission or exclusion of evidence is a matter within the sound discretion of the trial court and, absent clear abuse, will not be disturbed on appeal. *Recco Tape and Label Co., Inc. v. Barfield,* 312 S.C. 214, 439 S.E.2d 838 (1994). To warrant reversal, the appellant must show both the error of the ruling and resulting prejudice. *Id.* Wife introduced the document as circumstantial evidence of Husband's adultery. However, even if this document was improperly admitted, it did not result in any prejudice to Husband since the family court ultimately found Wife did not prove Husband committed adultery. We find no error.

## II.

██ Husband next argues the judge erred in prohibiting him from cross-examining Wife about extramarital relation-

ships. Husband argues the inquiry "would have provided relevant information" and the judge's failure to allow the questioning "prohibited [Husband from] getting a fair hearing on this matter and caused considerable damage to [Husband's] case." We disagree. Husband did not plead Wife's adultery and thus was not entitled to question her on the issue at trial.

This court addressed a similar issue in *Oyler v. Oyler,* 293 S.C. 4, 358 S.E.2d 170 (Ct.App.1987). In *Oyler,* the husband, in an effort to bar an award of alimony, sought to elicit testimony from the wife concerning alleged adulterous relationships. *Id.* at 5, 358 S.E.2d at 171. Wife's attorney objected, but the family court judge overruled the objection and allowed the questioning even though the husband had not pled adultery. *Id.* at 5–6, 358 S.E.2d at 171. Wife then admitted having several sexual relationships since the parties' separation. The family court judge subsequently held the wife was barred from receiving alimony. *Id.* at 6, 358 S.E.2d at 171. This court reversed the family court, finding adultery is an avoidance to an action for alimony which must be pled under Rule 8(c), SCRCP. *Id.* at 7, 358 S.E.2d at 172. The court stated:

Had the wife in this case been on notice that the husband would raise adultery as a bar to her alimony claim, she could have pled and sought to prove recrimination or condonation as dictated by Family Court Rule 11.... In our opinion it would be extremely unjust to allow the husband to raise the issue of adultery, a complete bar to alimony, by surprise at this stage of the case.

*Id.* at 8, 358 S.E.2d at 172. Similarly, to allow Husband in this case to raise the issue at trial without giving Wife notice would have constituted an unfair surprise to Wife. Thus, the family court judge did not err in prohibiting Husband's counsel from questioning Wife about extramarital relationships.

### III.

Husband next argues the family court erred in accepting an order drafted by Wife's attorney which contained false statements and enhanced awards not specified by the judge. We disagree.

Husband contends Wife's attorney included false statements of fact in her proposed order. Husband states his attorney gave proposed corrections to the order to Wife's attorney. "Rather than make the corrections, [Wife's] attorney submitted a letter along with the draft to the Judge and pleaded her case to enhance the award." Husband argues Wife's attorney "improperly played the role of judge" by including items in the order that the judge did not orally request. Husband states the incorrect facts include:

a) The parties separated in May 1993; Husband states this is incorrect as Wife deserted him;

b) The parties did not have sex for six years; Husband argues he did not testify to this or agree with Wife's testimony;

c) The Husband was diagnosed with chlamydia; Husband argues he does not have chlamydia;

d) The judge instructed Wife's attorney to recite factors which justify 50/50 division of assets; Husband argues this discretion permitted Wife's attorney to strengthen her case;

e) Each party worked hard during the marriage; Husband claims this is not a fact and Wife's attorney could not know how hard the parties worked.

In addition, Husband lists various other sentences in the order which he feels were unfair to him, including the college degrees he earned during the marriage, lack of fault on the part of Wife in ending the marriage, Wife's potential for advancement in her field, Wife's move to a smaller apartment, Husband's failure to provide a current financial declaration, the purchase of a car for Son, and the addition of the words "permanent, periodic ... [to] continue until the death of the [Husband] or the remarriage or death of the [Wife]" to the judge's oral instructions for alimony. We find this argument without merit.

Judgments in general, and divorce decrees in particular, are not final until written and entered. *Case v. Case*, 243 S.C. 447, 134 S.E.2d 394 (1964). Until written and entered, the judge retains discretion to change his mind and amend his oral ruling accordingly. *Id.* Moreover, Rule 58(a), SCRCP, authorizes a judge to require a party's lawyer to prepare a

proposed order. ("[T]he court shall promptly prepare the form of the judgment, or direct counsel to promptly prepare the form of judgment. . . .") This Rule applies to the family court pursuant to Rule 2, SCRFC. In the present case, each of the findings in the order was supported by the record. Although Husband may disagree with the judge's findings, the family court judge is the finder of fact in family court cases and has the authority to determine the weight and credibility of the evidence before him. Furthermore, the proper procedure for correcting factual errors in an order is to file a Motion to Alter or Amend pursuant to Rule 59(e), SCRCP. We find no error.

## IV.

Husband next argues the judge erred in awarding Wife 50% of the marital estate. Husband contends he provided the majority of the marital assets. He argues Wife should have been required to prove she contributed more of the household and child-rearing duties to offset his larger financial contribution and prove her entitlement to 50% of the marital estate. He further argues the judge failed to consider his financial support of Wife's mother. We disagree.

The apportionment of marital property is within the family court judge's discretion and will not be disturbed on appeal absent an abuse of discretion. *Bungener v. Bungener*, 291 S.C. 247, 353 S.E.2d 147 (Ct.App.1987). South Carolina Code Ann. § 20–7–472 (Supp.1995) lists fifteen factors for the court to consider in making an equitable apportionment of the marital estate. This court will affirm the family court judge if it can be determined that the judge addressed the factors under § 20–7–472 with sufficiency for us to conclude he was cognizant of the statutory factors. *Walker v. Walker*, 295 S.C. 286, 368 S.E.2d 89 (Ct.App.1988). On review of an equitable apportionment of marital property, this court looks to the fairness of the overall apportionment and if the end result is equitable, it is irrelevant that this court might have weighed specific factors differently than the trial court. *Johnson v. Johnson*, 296 S.C. 289, 372 S.E.2d 107 (Ct.App.1988), *cert. denied*, 298 S.C. 117, 378 S.E.2d 445 (1989).

It is clear from his order that the family court judge weighed the statutory factors in awarding Wife 50% of the marital estate. We find no error.

## *V.*

Husband also argues the family court erred in failing to order both parties to contribute to Son's college expenses. We disagree.

The judge's order states:

> The only child of the parties ... is presently a student at Clemson University. He did not testify at the trial. Although there was no dispute that the child is doing well in school, I find that the criteria from *Risinger* and following cases have not been satisfied. There was no testimony that the child cannot otherwise attend college. Neither party knew how the child's summer income was being used. The expenses presented to the Court included luxuries such as a new car and trips during Christmas and spring break. There was no testimony that [Son] had sought part-time employment while attending school in order to reduce his expenses.

In *Risinger v. Risinger,* 273 S.C. 36, 253 S.E.2d 652 (1979), the court found a divorced parent may be ordered to help pay for the educational expenses of a child over 18 years of age under certain circumstances. *Id.* at 38, 253 S.E.2d at 653. The court in *Risinger* did not attempt to list all of the circumstances where the parent may be ordered to contribute, but found the following circumstances warranted continuing support:

1. the characteristics of the child indicate that he or she will benefit from college;
2. the child demonstrates the ability to do well, or at least make satisfactory grades;
3. the child cannot otherwise go to school; and
4. the parent has the financial ability to help pay for such an education.

*Id.* at 39, 253 S.E.2d at 653–54. In *Hughes v. Hughes,* 280 S.C. 388, 313 S.E.2d 32 (Ct.App.1984), the court listed two additional factors: the availability of grants and loans and the

ability of the child to earn income during the school year or on vacation.

In the present case, Son did not testify at the hearing. The testimony of Husband and Wife indicated Son will benefit from college and demonstrates the ability to do well. However, Husband presented no evidence to indicate Son cannot otherwise attend school or that Wife has the financial ability to pay for such an education. Furthermore, there was no testimony to indicate whether Son has the ability to earn income during the school year or on summer vacation, and there was only minimal testimony as to the availability of grants and loans. Thus, we find the family court judge did not err in failing to require Wife to contribute to Son's college expenses.

## VI.

Finally, Husband argues the family court erred in awarding Wife alimony. Husband contends Wife should not be entitled to alimony because she abandoned him. He further contends Wife is capable of self-support as a nurse and he cannot afford to pay alimony.

The award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion. *Williams v. Williams,* 297 S.C. 208, 375 S.E.2d 349 (Ct.App.1988). Alimony is a substitute for the support that is normally incident to the marital relationship. *Johnson v. Johnson,* 296 S.C. 289, 372 S.E.2d 107 (Ct.App. 1988), *cert. denied,* 298 S.C. 117, 378 S.E.2d 445 (1989). Ordinarily, the purpose of alimony is to place the supported spouse, as nearly as is practical, in the position of support he or she enjoyed during the marriage. *Id.* It is the duty of the court to make an award of alimony that is fit, equitable, and just if the claim is well-founded. *Woodward v. Woodward,* 294 S.C. 210, 363 S.E.2d 413 (Ct.App.1987).

In making an award of alimony, the family court must consider the following factors: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably

anticipated expenses of the parties; (8) equitable apportionment; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations. S.C.Code Ann. § 20-3-130(C) (Supp.1995). No one factor is considered dispositive. *Lide v. Lide*, 277 S.C. 155, 283 S.E.2d 832 (1981). It is clear from the family court judge's order that he properly weighed the statutory factors in determining Wife's award of alimony. We find no error.

### *Wife's Appeal*

### *I.*

Wife argues the family court judge erred in awarding only $300 per month in permanent periodic alimony. We disagree.

As stated above, we find the family court judge properly weighed the statutory factors in determining Wife's award of alimony. Furthermore, we find an award of $300 per month adequate in light of the fact that Husband has been solely responsible for Son's college expenses. Thus, we find the family court judge did not err in awarding Wife $300 per month in alimony.

### *II.*

Wife also argues the family court erred in denying her request for attorney's fees. We disagree.

An award of attorney's fees rests within the sound discretion of the trial judge and should not be disturbed on appeal absent an abuse of discretion. *Ariail v. Ariail*, 295 S.C. 486, 369 S.E.2d 146 (Ct.App.1988). In determining whether to award attorney's fees, the court should consider the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, and the effect of the attorney's fee on each party's standard of living. *E.D.M. v. T.A.M.*, 307 S.C. 471, 415 S.E.2d 812 (1992). In determining the amount of attorney's fees to award, the court should consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, the professional standing of counsel, the contingency of compensation, the beneficial results ob-

tained, and the customary legal fees for similar services. *Glasscock v. Glasscock,* 304 S.C. 158, 403 S.E.2d 313 (1991).

Accordingly, the decision of the family court judge is

**AFFIRMED.**

HOWELL, C.J., and STILWELL, J., concur.