**Henrietta BROWN, Appellant,**

v.

**DR. MICHAEL D. HOFFMAN & ASSOCIATES and Dr. Michael D. Hoffman, Appellees.**

No. 05–01–00888–CV.

Court of Appeals of Texas, Dallas.

July 31, 2003.

Lloyd E. Ward, Vickers & Ward, P.C., Dallas, for Appellant.

James Robert Krause, Friedman & Feiger, L.L.P., Dallas, for Appellee.

Before Chief Justice LINDA THOMAS and Justices FARRIS[1] and ROSENBERG.[2]

---

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Fifth District Court of Appeals, Dallas, Texas, sitting by assignment.

## OPINION

Opinion by Chief Justice LINDA THOMAS.

Henrietta Brown appeals the trial court's order granting summary judgment to Dr. Michael D. Hoffman & Associates and Dr. Michael D. Hoffman on her claims for breach of contract and sworn account. In two issues, appellant contends appellees failed to conclusively establish either of two affirmative defenses raised as grounds for summary judgment: res judicata or failure of a condition precedent. We agree. We therefore reverse the trial court's judgment and remand for further proceedings.

Appellees employed appellant from March 1972 until June 1997, during which time appellant participated in a profit-sharing retirement plan (the Plan).[3] On June 4, 1997, appellees terminated appellant's employment. On June 17, Dr. Hoffman reduced to writing a termination agreement between the parties, stating:

> I want to help you over the next [two] years to maintain your present cash flow. I agree to make sure that you received [sic] $1,900 per month from all sources of income. If you have any other source of income like a new job or unemployment compensation, please inform me. I'll subsidize any difference that will help meet your present needs.... In the event that we sell the clinics, I will follow through with my promises that I made to you several months ago to pay off the mortgage on your home,

purchase a new car and give you a severance amount of at least $25,000.

During the months that followed, appellees paid appellant a total of $9,500, but then ceased making additional monthly payments.

In December 1998, appellant was notified that the Plan had terminated and she demanded those funds owed to her. When appellees refused to roll the funds from the terminated Plan to appellant's new "rollover" account, she filed suit in federal court, asserting she was owed $369,590 from the Plan. One month later, the trial court entered the parties' agreed order, decreed that appellees pay appellant the amount owed under the Plan,[4] and dismissed the case with prejudice. The agreed order also expressly provided that "[t]he parties have resolved all matters in controversy between them."

Before the federal suit settled, appellant learned from appellees that Dr. Hoffman had sold his interest in five clinics to Dr. Metzger. However, appellees did not pay appellant's $53,000 mortgage, buy her a new car, or give her $25,000 in severance pay. After the federal suit settled, appellant filed suit in state district court asserting claims for breach of contract and sworn account based on the termination agreement.

Appellees filed a motion for summary judgment asserting two grounds: (1) the state lawsuit was precluded by the federal judgment under the doctrine of res judicata and (2) the "clinics" had not been sold; thus, a condition precedent necessary to enforcement of the contract had failed. In

---

**3.** The plan in which she had originally enrolled was superseded by and rolled over into the Dr. Michael D. Hoffman & Associates Profit Sharing Plan and Trust (the Plan) in December 1994, more than three years before her termination. Dr. Hoffman acted as trustee of the Plan's trust.

**4.** The federal court ordered appellees to pay $335,191, the amount of benefits owing under the plan minus an outstanding loan amount of $34,399.

response, appellant contended summary judgment was not proper because the federal suit concerned only appellant's claim for failure to dispense Plan proceeds as proscribed under federal statutes and all conditions precedent to a breach of contract claim had occurred. Without stating its grounds, the trial court granted appellees' motion for summary judgment. This appeal followed.

This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Foreness v. Hexamer,* 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet. denied). When reviewing a traditional summary judgment, we apply well-known standards. *See* Tex.R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). In this case, appellees had to conclusively establish either that (1) res judicata barred the suit or (2) a condition precedent necessary to enforcement of the contract failed. *See Allied Capital Partners, L.P. v. Bank One Tex., N.A.,* 68 S.W.3d 51, 52 (Tex.App.-Dallas 2001, no pet.). We begin with appellant's first issue: whether her claims are precluded by res judicata.

■ In Texas, the preclusive effect of a federal judgment is determined by federal law. *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst,* 90 S.W.3d 268, 287 (Tex.2002). That law provides that res judicata shall bar a subsequent action when a prior action involving the same parties and the same cause of action reached final judgment on the merits in a court of competent jurisdiction. *See Eagle Props., Ltd. v. Scharbauer,* 807 S.W.2d 714, 718 (Tex.1990). Appellant argues appellees failed to conclusively establish the requirement that both suits involve the same cause of action.

■ To determine whether two cases involve the same causes of action for res judicata purposes, the Fifth Circuit utilizes a "transactional" test. *See Blum v. Restland of Dallas, Inc.,* 971 S.W.2d 546, 551 (Tex.App.-Dallas 1997, pet. denied) (citing *In re Baudoin,* 981 F.2d 736, 743 (5th Cir.1993)). Under this approach, the critical issue is not the relief requested or the theory asserted, but whether the plaintiff bases the two actions on the same nucleus of operative facts. *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.,* 20 F.3d 663, 665 (5th Cir.1994). If the factual scenario of the two actions parallel, the same cause of action is involved in both. *Id.* The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not impact this inquiry. *Id*

■ Applying this test to this case, we conclude appellees did not conclusively establish that the two actions are based on the "same nucleus of operative facts." Although appellees argued in their summary judgment motion that the two actions are both based on "Brown's termination and Brown's acrimonious relationship with Dr. Hoffman prior to and after her termination," we cannot agree. The operative facts in these cases are not grounded in appellant's termination; rather, each was based on a separate and distinct contractual obligation. The federal lawsuit involved the distribution of a profit-sharing funds and therefore had to be filed in federal court. In contrast, the state lawsuit centered on appellees' alleged obligations to appellant pursuant to a letter agreement. The facts necessary to prove the state

claim are distinct from any fact necessary to prove the federal claim. Under these circumstances, we cannot conclude these causes of action arise from the same nucleus of operative facts. We therefore sustain the first issue.

In her second issue, appellant argues appellees did not conclusively show failure of a condition precedent such that they were entitled to summary judgment on the lawsuit. At issue is the following language of the letter agreement: "In the event that we sell the clinics, I will follow though with my promises that I made to you several months ago to pay off the mortgage on your home, purchase a new car and give you a severance amount of at least $25,000."

"A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex.1992). Here, the condition precedent is the letter requirement that "in the event we sell the clinics," certain obligations would arise.

In their motion for summary judgment, appellees asserted that "clinics" refer to eight medical practices in which Dr. Hoffman owned an interest. Three other doctors owned an interest in "certain of the eight medical practices." Hoffman sold his interest in five of the medical practices to one of those doctors, Dr. Metzger. According to appellees, those five clinics are now solely owned by Metzger and "have not been sold to any outside third party." Thus, appellees' sole argument on this ground was that the condition precedent failed because Hoffman did not sell his interest in the clinics to an outside third party, but to a co-owner. We therefore confine our analysis to that argument.

Initially, we note that in her petition, appellant alleged four counts of breach of contract as well as four counts of suit on a sworn account. Whether appellees established the failure of a condition precedent, i.e., the sale of the "clinics," is relevant only to a portion of the breach of contract claim. Thus, we question whether it is proper to address this issue in light of the fact that only a portion of the breach of contract will be affected and because appellees did not move for summary judgment on this ground with respect to the sworn account allegations.

Regardless, having read the language of the letter agreement, we cannot conclude appellees established their right to summary judgment. There is no requirement in the letter agreement that the sale be to an "outside third party" for the condition precedent to be triggered. The agreement only requires that Hoffman "sell the clinics." In his affidavit, Hoffman testified he "sold his interest" in the five practices. We sustain the second issue.

Because appellees failed to conclusively establish either ground raised in their motion, the trial court erred in granting summary judgment to them. We reverse the trial court's judgment and remand for proceedings consistent with this opinion.