THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Farm Bureau Mutual Insurance Company,       
Respondent,
 
 
 

v.

 
 
 
Arnold Hawkins, Freedonia Hawkins and Lakeya Hawkins,       
Appellants.
 
 
 

Appeal From Berkeley County
Thomas L. Hughston, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-116
Submitted January 1, 2005  Filed February 
 16, 2005   

AFFIRMED

 
 
 
George J. Kefalos, of Charleston, for Appellants.
Robert J. Thomas and William E. Hopkins, Jr., both of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  In this insurance coverage 
 dispute, Appellants (the Hawkinses) appeal the circuit courts denial of their 
 motion for judgment notwithstanding the verdict (JNOV) or alternatively for 
 a new trial.  We affirm.
FACTS
Respondent South Carolina Farm Bureau Mutual Insurance 
 Company (Farm Bureau) issued a homeowners insurance policy concerning property 
 located at 3826 Highway 17A North, Jamestown, South Carolina.  The policy was 
 issued based on the application signed by Arnold Hawkins.  In the application, 
 Arnold Hawkins represented he owned the property to be covered by the policy.
In January 2000, the property sustained substantial 
 fire damage.  After investigation by both the South Carolina Law Enforcement 
 Division and Farm Bureau, it was determined the fire was intentionally set.  
 The investigation also revealed Arnold Hawkins did not own the property when 
 he signed the insurance application.  At the time Arnold Hawkins made the representation 
 of ownership on the application, title to the property was in the name of Arnolds 
 daughter, Lakeya Hawkins.
Farm Bureau initiated a declaratory judgment action 
 seeking a judgment that coverage was not available because the fire was intentionally 
 set by, or at the direction of, Arnold Hawkins or, alternatively, Farm Bureau 
 was relieved of its obligations under the policy due to the material misrepresentations 
 of Arnold Hawkins as to the ownership of the property.  Pursuant to special 
 interrogatories, the jury found for Farm Bureau only on the material misrepresentation 
 claim.  The Hawkinses filed a motion for JNOV or a new trial pursuant to Rule 
 50, SCRCP.  The circuit court denied the motion, and this appeal followed.
LAW/ANALYSIS
The Hawkinses allege the circuit court erred in denying 
 the motion for JNOV or, in the alternative, a new trial.  We disagree.
At the close of the evidence, the Hawkinses moved 
 for a directed verdict on one ground as to the misrepresentation claim. [1]   The sole argument was based on the failure 
 of Farm Bureau prior to trial to tender the premiums to the named insured, Arnold 
 Hawkins.  We initially observe that this defensefailure to tender premiumsconstitutes 
 an affirmative defense or matter of avoidance under Rule 8(c), SCRCP.  See 
 Oyler v. Oyler, 293 S.C. 4, 7, 358 S.E.2d 170, 172 (Ct. App. 1987) ([A]n 
 avoidance is a defense which goes beyond the basic elements of the opposing 
 partys cause and depends upon additional facts to defeat the claim); see 
 generally Floyd v. St. Paul Fire & Marine Ins. Co., 285 S.C. 
 148, 150, 328 S.E.2d 132, 132 (Ct. App. 1985); Brown v. Dr. Michael D. Hoffman  
 & Assoc., 111 S.W.3d 826, 827 (Texas 2003); McCord v. Horace Mann 
 Ins. Co., 390 F.3d 138, 141 (Mass. 2004) (referring to failure of condition 
 precedent as an affirmative defense).
The Hawkinses pled no such defense, and the general 
 rule precludes consideration of claims or defenses not presented in the pleadings.  
 See Fraternal Order of Police v. South Carolina Dept of Revenue, 
 352 S.C. 420, 435, 574 S.E.2d 717, 725 (2002) (Generally, claims or defenses 
 not presented in the pleadings will not be considered on appeal); Howard 
 v. South Carolina Dept of Highways, 343 S.C. 149, 155, 538 S.E.2d 291, 
 294 (Ct. App. 2000) (Affirmative defenses are waived if not pled); Oyler 
 v. Oyler, 293 S.C. at 6, 358 S.E.2d at 171-72 (stating that under Rule 8(c), 
 SCRCP, a party must set forth in its pleadings any matter constituting an avoidance 
 or affirmative defense); R. Brown & Sons, Inc. v. Credit Alliance Corp., 
 473 A.2d 1168, 1170 (Vt. 1984) ([A] matter raised constituting an avoidance 
 is an affirmative defense and must be affirmatively pled). While a matter not 
 included in the pleadings may be tried by the express or implied consent of 
 the parties under Rule 15(b), SCRCP, the scant record before us does not allow 
 us to affirmatively find such consent.  The burden is on the appellant to present 
 a sufficient record for review.  State v. Mitchell, 330 S.C. 189, 194, 
 498 S.E.2d 642, 645 (1998); State v. Smith, 359 S.C. 481, 490, 597 S.E.2d 
 888, 893 (Ct. App. 2004). [2]   

We do not believe the Hawkinses argument would 
 prevail in any vent.  We begin this analysis with the acknowledgement that generally 
 an insurance company suing to cancel a policy for fraud[] must restore or tender 
 the premiums received as a condition of relief.  Arnold v. Life Ins. Co. 
 of Georgia, 226 S.C. 60, 73, 83 S.E.2d 553, 559 (1954).   The supreme court 
 revisited this issue in the case of McElmurray v. American Fidelity Fire 
 Insur. Co., 236 S.C. 195, 113 S.E.2d 528 (1960).  In  McElmurray, 
 the court focused on the policy language and determined that [t]he policy contract 
 expressly negates necessity for return to the insured of the unearned premium 
 in order to effect cancellation of the policy by the insurer.  Id. at 
 205, 113 S.E.2d at 533.   We are persuaded the policy language here compels 
 the same conclusion.  Under the terms of the policy, the parties agreed that 
 [i]f the premium is not refunded with the cancellation or when the policy is 
 returned to us, we will refund it within a reasonable time after the 
 date cancellation takes effect.  (emphasis in original)  Farm Bureau, therefore, 
 was not required to refund the premiums to Arnold Hawkins as a condition precedent 
 to maintaining the underlying declaratory judgment action.  Moreover, Farm Bureaus 
 efforts to cancel the policy did not take effect until it prevailed on its 
 misrepresentation claim.  In this regard, during the hearing on post-trial motions, 
 Farm Bureau advised that a check [will be] available for the Hawkins [sic] 
 as soon as the judgment is entered.  The Hawkinses, through counsel, promptly 
 refused the tender.  And finally, it is beyond dispute that an earlier tender 
 of the premiums to Arnold Hawkins would have likewise been a futile act, and 
 any contention to the contrary finds no traction in the abbreviated record before 
 us. 
Having addressed the sole ground asserted by the 
 Hawkinses in their directed verdict motion, we decline to addressas unpreservedthe 
 remaining issues argued in their brief.  A directed verdict motion stating the 
 specific grounds is a prerequisite for a subsequent motion for judgment notwithstanding 
 the verdict.  See In re McCracken, 346 S.C. 87, 93, 551 S.E.2d 
 235, 238 (2001) (stating only grounds raised in directed verdict motion may 
 properly be reasserted in JNOV motion).  
CONCLUSION
For these reasons, we find that the trial court 
 acted within its discretion in denying the motion for a new trial and properly 
 denied the JNOV motion. 
AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 
 [1]        It does appear the Hawkinses may have made an initial motion 
 for a directed verdict at the close of Farm Bureaus case in chief, but that 
 portion of the trial transcript was not included in the record on appeal.

 
 
 [2]        Farm Bureau advanced this argument in its final brief.  The 
 Hawkinses submitted a final reply brief, but chose not to respond to their 
 failure to include this defense in their Answer and Counterclaim.