**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stoneledge at Lake Keowee Owners' Association, Inc., C. Dan Carson, Jeffrey J. Dauler, Joan W. Davenport, Michael Furnari, Donna Furnari, Jessy B. Grasso, Nancy E. Grasso, Robert P. Hayes, Lucy H. Hayes, Ty Hix, Jennifer D. Hix, Paul W. Hund, III, Ruth E. Isaac, Michael D.  Plourde, Mary Lou Plourde, Carol C. Pope, Steven B. Taylor, Bettie J. Taylor, and Robert White, Individually, and on behalf of all others similarly situated, Plaintiffs,

v.

IMK Development Co., LLC, Keowee Townhouses, LLC, Ludwig Corporation, LLC, SDI Funding, LLC, Medallion At Keowee, LLC, Integrys Keowee Development, LLC, Marick Home Builders, LLC, Bostic Brothers Construction, Inc., Miller/Player & Associates, Bradford D. Seckinger, John Ludwig, William Cox, Larry D. Lollis, Rick Thoennes, M Group Construction and Development, LLC, Mel Morris, Joe Bostic, Jeff Bostic, Clear View Construction, Michael Franz, MHC Contractors, Miguel Porras Choncoas, Builders FirstSource Southeast Group, Mike Green, Southern Concrete Specialties, Carl Compton d/b/a Compton Enterprise d/b/a Compton Enterprises, Gunter Heating & Air, All Pro Heating, A/C & Refrigeration, LLC, Coleman Waterproofing, Heyward Electrical Services, Inc., Tinsley Electrical, LLC, Hutch N Son Construction, Inc., Southern Basements, Inc., Carl Catoe Construction, Inc., T.G. Construction, LLC, Delfino Construction, Francisco Javier Zarate d/b/a Zarate Construction, Alejandro Avalos Cruz, Herberto Acros Hernandez,

Martin Hernandez-Aviles, Francisco Villalobos Lopez, Ambrosio Martinez-Ramirez, Ester Moran Mentado, Socorro Castillo Montel, Upstate Utilities, Inc., MJG Construction and Homebuilders, Inc. d/b/a MJG Construction, KMAC of the Carolinas, Inc., Eufacio Garcia, Everado Jarmamillo, Garcia Parra Insulation, Inc., J&J Construction, Jose Nino, Jose Manuel Garcia, Eason Construction, Inc., and Vincent Morales d/b/a Morales Masonry, Defendants,

Of Whom Marick Home Builders, LLC and Rick Thoennes are the Appellants,

And

Hutch N Son Construction, Inc. and Upstate Utilities, Inc. are the Respondents.

Appellate Case No. 2012-213237

_____

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

_____

Unpublished Opinion No. 2014-UP-209
Heard May 6, 2014 – Filed June 4, 2014

_____

**AFFIRMED**

_____

Jason Michael Imhoff and Carl Reed Teague, The Ward Law Firm, PA, both of Spartanburg, for Appellants.

Laura Watkins Jordan and Shelley Sunderman Montague, Gallivan, White & Boyd, PA, both of Columbia, for Respondent Hutch N Son Construction, Inc.; and Sidney Markey Stubbs, Baker Ravenel & Bender, LLP, of Columbia, for Respondent Upstate Utilities, LLC.

**PER CURIAM:**  The appellant Marick Home Builders, LLC served as the general contractor for the construction of townhomes in Oconee County, known as Stoneledge at Lake Keowee.  The Stoneledge at Lake Keowee Owners' Association, Inc. (SOA) brought suit against Marick and several other parties involved in the development and construction of the townhomes.  The SOA asserted negligence and breach of warranty claims based on the existence of multiple construction defects.  Subsequently, Marick brought cross-claims against two subcontractors that performed work on the project—the respondents Hutch N Son Construction, Inc. and Upstate Utilities, LLC—for equitable indemnity, negligence, and breach of warranty, and, as against Hutch N Son only, breach of contract.[1]  Hutch N Son and Upstate Utilities filed motions for summary judgment on all of Marick's cross-claims, which the trial court granted.  We affirm.

On appeal, Marick first argues the trial court erred in treating Marick's cross-claims for breach of warranty, negligence, and breach of contract as a single claim for equitable indemnity.  We find this issue is not preserved for our review.  First, Marick did not assert this argument to the trial court.  *See Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 482, 609 S.E.2d 286, 299 (2005) (finding issue not preserved because it was not raised to and ruled upon by the trial court).  Second, Marick conceded its cross-claims were claims for equitable indemnity at the summary judgment hearing.  *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 45-46, 691 S.E.2d 135, 147 (2010) (holding issue not preserved because appellant conceded issue at trial).  Finally, to the extent Marick disagreed with the trial court's finding that Marick "acknowledged that equitable indemnification was the only claim at issue," Marick needed to file a Rule 59(e), SCRCP, motion to preserve the issue for appeal.  *See Doe v. Doe*, 324 S.C. 492, 502, 478 S.E.2d 854, 859 (Ct. App. 1996) ("[T]he proper procedure for correcting factual errors in an order is to file a Motion to Alter or Amend pursuant to Rule 59(e), SCRCP.").

Marick further contends the trial court erred in granting summary judgment on its equitable indemnity cross-claim because a question of fact exists as to whether Marick was at fault for the resulting construction defect.  *See* Rule 56(c), SCRCP (stating summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 389, 611 S.E.2d

---

[1] Only one defect stated in the SOA's complaint against Marick related to the work performed by Hutch N Son and Upstate Utilities.

235, 237 (2005) (defining equitable indemnity as a "form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party" (citation omitted)); *Walterboro Cmty. Hosp. v. Meacher*, 392 S.C. 479, 486, 709 S.E.2d 71, 74 (Ct. App. 2011) ("The most important requirement for . . . equitable indemnity is that the party seeking to be indemnified is adjudged without fault and the indemnifying party is the one at fault." (citation omitted)).

Hutch N Son and Upstate Utilities submitted expert affidavits that demonstrated (1) their conduct did not cause the construction defect at issue in this appeal, but, instead, (2) Marick was at fault for the resulting defect because it breached its supervisory duty as general contractor. We agree with the trial court's finding that Marick presented no evidence "to rebut [these] expert affidavits."

Marick argues it submitted expert deposition testimony to refute the evidence presented by Hutch N Son and Upstate Utilities. We find the deposition testimony relied on by Marick is too general to show there is a genuine issue of fact remaining for trial. *See Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." (citing *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))); 49 C.J.S. *Judgments* § 330 (2009) (stating "mere general statements and opinion by an expert are insufficient to controvert a movant's properly presented evidence on a motion for summary judgment"); 49 C.J.S. *Judgments* § 301 (2009) (providing "mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion"). Thus, we affirm the trial court's granting of summary judgment.

**AFFIRMED.**

**FEW, C.J., SHORT and GEATHERS, JJ., concur.**