**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Robin Napier, individually and on behalf of all others similarly situated, Petitioner-Respondent,

v.

Mundy's Construction, Inc. d/b/a Mundy Construction, Respondent-Petitioner.

Appellate Case No. 2024-001037

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Aiken County
J. Cordell Maddox, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2025-MO-026
Submitted December 11, 2024 – Filed January 23, 2025

---

**AFFIRMED AS MODIFIED**

---

Anna Scarborough McCann and Justin O'Toole Lucey, both of Justin O'Toole Lucey, P.A., of Mount Pleasant, for Petitioner-Respondent.

David Allen Anderson, Carmen Vaughn Ganjehsani, and James Belford Robey, III, all of Richardson Plowden & Robinson, P.A., of Columbia, for Respondent-Petitioner.

---

**PER CURIAM:** Petitioner-Respondent Robin Napier (Napier) and Respondent-Petitioner Mundy's Construction, Inc. (Mundy's) both seek writs of certiorari to review the court of appeals' decision in *Napier v. Mundy's Constr., Inc.*, Op. No. 2024-UP-114 (S.C. Ct. App. filed Apr. 3, 2024). We deny Napier's petition for a writ of certiorari, grant Mundy's petition for a writ of certiorari as to Question I, dispense with briefing, and affirm the court of appeals' decision as modified.

Napier, along with eighty-three other homeowners in the Spencer Drive Extension Neighborhood in Aiken, SC, commenced this class action lawsuit seeking damages for Mundy's alleged negligent construction of concrete pads in each of the homeowner's newly constructed homes. Following a bench trial, the circuit court found Mundy's liable for negligence and awarded members of the class $240,000. Notably, the circuit court reduced the damages amount based on fourteen years of wear and tear depreciation to the homes.

The court of appeals reversed in part, holding the circuit court erred by reducing the damages amount because Mundy's did not prove wear and tear depreciation at trial. The court of appeals further held Mundy's was required to affirmatively plead wear and tear as a defense under Rule 8(c), SCRCP, and, thus, was barred from asserting wear and tear as a basis for reducing the damages.

Although the court of appeals correctly held Mundy's did not prove wear and tear depreciation at trial, it erred by holding Mundy's was required to affirmatively plead wear and tear as a defense under Rule 8(c), SCRCP. Indeed, an affirmative defense conditionally admits the allegations in a complaint but submits additional facts and evidence to bar liability for the cause of action. *See Oyler v. Oyler*, 293 S.C. 4, 7, 358 S.E.2d 170, 172 (Ct. App. 1987) (stating an avoidance admits the cause of action existed "but avers subsequent facts which operate to destroy the cause of action and defeat a recovery"; therefore, "an avoidance is a defense which goes beyond the basic elements of the opposing party's cause and depends upon additional facts to defeat the claim"). Although Mundy's would have to establish wear and tear to the homes at trial, evidence of wear and tear would not be introduced to bar liability for the cause of action but, rather, to limit the amount of damages Napier could recover. *See, e.g., Garrison v. Target Corp.*, 435 S.C. 566, 582, 869 S.E.2d 797, 806 (2022) (holding the statutory cap on punitive damages is not an affirmative defense because "it does not affect liability" but, rather, "limits the amount of damages a plaintiff can recover").

Therefore, we modify the court of appeals opinion to clarify that, although Mundy's was not required to plead wear and tear as an affirmative defense under Rule 8(c),

SCRCP, the court of appeals correctly held Mundy's did not prove wear and tear to the homes at trial.  Thus, we affirm the court of appeals' reversal of the trial court's award of damages and remand to the trial court for a recalculation of damages excluding any reduction for wear and tear depreciation.

**AFFIRMED AS MODIFIED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, JJ., concur.**